■ MARGARITA POSADA, Appellant, v OSCAR PELAEZ, M.D., et al., Respondents, et al., Defendants. [830 NYS2d 55]—Order, Supreme Court, New York County (Joan B. Carey, J.), entered on or about August 12, 2005, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to file her affidavit of service of process against defendant Naseh late or nunc pro tunc and her cross motion for an extension of time to effect such service, and granted Naseh's cross motion to dismiss the action against him on the ground that he was not properly served with process, unanimously affirmed, without costs.

Plaintiff failed to serve Dr. Naseh within the required 120-day period after filing (CPLR 306-b), and did not move for an extension of time to serve until faced with a motion to dismiss, approximately seven months after the 120-day period had expired, and more than three years after the cause of action had accrued. Moreover, plaintiff failed to demonstrate that her action had merit. In view of such lack of diligence and the long delay in notifying Naseh of this action, which caused him substantial prejudice, an extension of time to serve was unwarranted, and dismissal was appropriate (*Slate v Schiavone Constr. Co.*, 4 NY3d 816 [2005]; *Ekbatani v Rockefeller Ctr. Props.*, 30 AD3d 347 [2006]). Concur—Tom, J.P., Andrias, Friedman, Catterson and Kavanagh, JJ.

■ DANIELLE FRISCIA, Appellant, v LEM LEE 13TH LIMITED PARTNERSHIP et al., Respondents. [828 NYS2d 890]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered February 14, 2006, which granted defendants' motion insofar as to dismiss the complaint seeking declaratory relief by reason of plaintiff's failure to exhaust her administrative remedies, unanimously affirmed, without costs.

Inasmuch as the issues raised entail factual determinations in areas within the expertise of the Division of Housing and Community Renewal (DHCR), the motion court properly concluded that judicial review of these matters, if necessary, should await plaintiff's exhaustion of her administrative remedies (*see Davis v Waterside Hous. Co.*, 274 AD2d 318 [2000], *lv denied* 95 NY2d 770 [2000]). A declaratory judgment action is not properly utilized to strip DHCR of its primary jurisdiction (*see Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y.*, 94 AD2d 614, 616 [1983], *affd* 62 NY2d 763 [1984]). Concur—Tom, J.P., Andrias, Friedman, Catterson and Kavanagh, JJ.