*398 OPINION OF THE COURT
Ellen M. Yacknin, J.
Introduction
Plaintiff in this action moves, pursuant to CPLR 5015 (a) (1), to vacate the court’s July 13, 2006 order denying his motion for summary judgment against defendant. Plaintiff’s motion alleged that defendant had failed to make payments on an installment promissory note that she entered into on October 16, 2002.
It is possible that plaintiff’s legal claims against defendant are meritorious. Whether they are or not, though, is not the key question before the court. Rather, the central issue posed by plaintiffs motion is whether plaintiff has satisfied the prerequisites for vacatur under CPLR 5015 (a) (1), or any other subdivision of CPLR 5015 (a). As discussed below, he has not done so. Procedural Background
On May 8, 2006, plaintiff Dr. Theckedath Mathew commenced this action by filing a summons and motion for summary judgment in lieu of complaint against defendant Bridgett Mosier pursuant to CPLR 3213. Plaintiff scheduled the motion to be heard by the court on June 15, 2006.
Plaintiff’s motion alleged that when defendant worked for him several years ago, defendant borrowed $8,090 from him, and agreed to the deduction of $134.83 per month from her salary to repay the loan. On October 22, 2002, however, defendant’s employment with plaintiff ended. Consequently, on October 16, 2002, defendant signed a notarized affidavit agreeing to pay plaintiff $134.83 per month “for the next 48 installment[s] until the loan is completely paid off.” (Plaintiffs Jan. 17, 2007 motion, exhibit A.) According to plaintiff, defendant last paid a monthly payment in December 2003, and continues to owe plaintiff $6,410.51.
On June 9, 2006, plaintiff filed an amended motion for summary judgment that changed the defendant’s name to “Roxann Mosier.” Because of the amended documents and because defendant had not yet been served, plaintiff also rescheduled his motion for July 13, 2006. (See plaintiffs attorney’s June 13, 2006 letter to court.) On July 13, 2006, the motion’s return date, neither party appeared. Furthermore, no affidavit of service of the summons and motion had been filed with the court. Accordingly, the court summarily denied plaintiff’s motion without prejudice on the record.
Several months later, on January 15, 2007, plaintiff served a second amended motion for summary judgment in lieu of *399 complaint in this action, returnable on January 29, 2007. He did not, however, file the second amended motion.[1] Instead, on January 17, 2007, plaintiff served the instant motion to vacate the court’s July 13, 2006 order, returnable on February 12, 2007.[2] 3In his January 17, 2007 cover letter to defendant, plaintiffs attorney advised defendant that the unfiled motion he had scheduled for January 29, 2007 was “on hold” until the instant motion was decided.
Legal Discussion
Generally, for a court to grant a motion to vacate a prior order, a moving party must demonstrate the existence of one of the criteria for vacating a prior order set forth in CPLR 5015 (a), or another compelling reason that would justify the requested relief in the interests of justice. (See Woodson v Mendon Leasing Corp., 100 NY2d 62, 69 [2003]; Pignataro v Pignataro, 9 AD3d 890, 891 [4th Dept 2004], lv dismissed 3 NY3d 738 [2004].) No such reason exists in this case.
Plaintiff asserts that he neither filed the affidavit of service nor appeared on the July 13, 2006 return date because defendant had not been served with process as of that date. According to plaintiffs attorney, he was unable to serve defendant because he believed that she “had moved to Florida.” (Affidavit of Chad M. Hummel, Esq., Jan. 17, 2007, 11 5.) According to plaintiffs attorney, defendant was eventually served with the amended summons and motion in a county contiguous to Monroe county on January 15, 2007.[3]
Plaintiff contends that because defendant has now been served with the amended summons and motion for summary judgment in lieu of complaint, the court’s July 13, 2006 order denying his motion should be vacated. This argument misapprehends the primary principle underlying a court’s discretionary authority to vacate its prior orders. (See Woodson v Mendon Leasing Corp., 100 NY2d at 68.)
*400 The fundamental goal of a court’s vacatur authority is to enable a court to vacate and correct an order that was issued on the basis of erroneous or mistaken factual information. Stated differently, vacatur is appropriate where, had accurate information been before the court at the time of its order, the order might not have been issued. Conversely, a court’s vacatur authority is not intended to give a party a second bite of the apple based on new factual developments that occurred after the original order was issued.
This objective is reflected in each of the five statutory criteria for vacating an order under CPLR 5015 (a). For example, pursuant to CPLR 5015 (a) (1), a default judgment against a defendant may be vacated if the defendant has a legitimate, “excusable” reason for failing to respond to the complaint in a timely manner.[4] (See Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Genesee Mgt. v Barrette, 4 AD3d 874, 875 [4th Dept 2004].) Likewise, under CPLR 5015 (a) (2), vacatur is appropriate when a party submits newly discovered evidence that could not have been previously discovered in a timely manner and that would probably have affected the court’s order. (See, e.g., Shouse v Lyons, 4 AD3d 821, 822 [4th Dept 2004].)
In a similar vein, CPLR 5015 (a) (3) provides for vacatur where the order was based on the adverse party’s fraud, misrepresentation, or other misconduct. (See, e.g., Shouse v Lyons, 4 AD3d at 822.) CPLR 5015 (a) (4) permits vacatur where the court lacked jurisdiction to issue its order. (See, e.g., Hartloff v Hartloff, 296 AD2d 849 [4th Dept 2002].) Finally, under CPLR 5015 (a) (5), vacatur is warranted where a prior order upon which the court’s order was based is itself reversed, modified or vacated. (See, e.g., Dupkanicova v James, 17 AD3d 627 [2d Dept 2005].) Plaintiffs explanation for seeking vacatur neither falls within any of these statutory categories nor encompasses any other basis to conclude that the court’s July 13, 2006 order was improvidently granted, thereby justifying vacatur in the interests of justice. Indeed, the opposite is true. As of July 13, 2006, the motion’s return date, defendant had not been served with process. For that reason, as of July 13, 2006, the court did not have jurisdiction over defendant, and plaintiff was not *401 entitled to a grant of summary judgment against her as of that date. (See Uniform City Ct Act § 400 [2].)
Even if defendant had been served with process, the failure to file the affidavit of service as of July 13, 2006 was also fatal to plaintiffs motion. Unless proof of service is filed with a default application, the court cannot determine whether a defendant was properly notified of the pending action so as to confer the court’s jurisdiction over defendant. (See Uniform City Ct Act § 400 [2].) Therefore, to obtain a default judgment against a nonappearing defendant, a plaintiff must file, as part of his or her moving papers, proof of service of process. Failure to do so precludes entry of a default judgment. (See CPLR 3215 [f]; Levi v Oberlander, 144 AD2d 546, 547 [2d Dept 1988].)
Plaintiff in this action filed a motion for summary judgment in lieu of complaint, not a motion for default judgment. Unlike CPLR 3215 (f), CPLR 3213, which provides for motions for summary judgment in lieu of complaint, does not, by its terms, mandate the fifing of proof of service of process. Nevertheless, the rationale for such a filing requirement in the context of a default judgment motion applies with equal force in the context of a motion for summary judgment in lieu of complaint against a nonappearing defendant. Absent proof that a nonappearing defendant has been notified of a plaintiffs legal action against him or her, a court should not grant monetary relief to a plaintiff, regardless of whether the plaintiff has applied for a default judgment or moved for summary judgment in lieu of a complaint.
Accordingly, as in the default judgment context, where defendant has neither appeared nor answered a summary judgment motion in lieu of complaint under CPLR 3213, a plaintiffs failure to file proof of service of process bars a plaintiff from obtaining the requested relief. Plaintiffs failure to file proof of service of process in conjunction with his motion for summary judgment in lieu of complaint, therefore, warranted the court’s denial of his motion on July 13, 2006.
In sum, the court’s July 13, 2006 order denying plaintiffs motion was neither improperly nor mistakenly decided. To the contrary, the information submitted by plaintiff in his January 17, 2007 vacatur motion plainly reveals that the court’s July 13, 2006 order denying plaintiffs motion was correct. Accordingly, plaintiff is not entitled to vacatur of that order.
As noted above, the court’s July 13, 2006 order denied plaintiffs May 8, 2006 summary judgment motion without prej *402 udice. Consequently, plaintiff is not precluded from filing and serving a subsequent summary judgment motion once the court’s jurisdiction over defendant has been acquired by way of proper service of process. (See Uniform City Ct Act § 400 [2].) Whether proper service of process has actually been accomplished in this case, however, is an open question.
CPLR 306-b and Uniform City Court Act § 411 require that service of process, including a summons and summary judgment motion in lieu of complaint,[5] must be served upon a defendant within 120 days after the action is commenced.[6] Those identical provisions also provide that a court has the discretion to extend the time to serve process on a defendant for “good cause shown” or “in the interests of justice.”
Plaintiff in this case made no attempt to seek from the court additional time to serve defendant with the summons and summary judgment motion in lieu of complaint beyond the mandatory 120-day time period. Instead, according to his motion, plaintiff waited until January 15, 2007, more than eight months after the action was commenced, to serve defendant with the summons and motion. How process was served is unclear because, to date, no affidavit of service has been filed in this action.[7]
Whether plaintiff would prevail on a motion to grant an extension of the 120-day service period depends upon a consideration of several factors, including the plaintiffs diligence in attempting to serve defendant, the potential expiration of the applicable statute of limitations, the meritorious nature of plaintiff’s *403 claims, the length of delay in service of process, the promptness of plaintiffs request for the extension of time, and prejudice to defendant. (See Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001].) While the “interests of justice” standard provides a more flexible ground for the exercise of the court’s discretion than the “good cause” standard (id.), the courts must scrutinize all the relevant factors and deny the request if it is not justified. (See Slate v Schiavone Constr. Co., 4 NY3d 816 [2005] [lower court abused its discretion in granting extension of time to serve defendant where plaintiff demonstrated extreme lack of diligence and long delay ensued before defendant received notice of action]; see also Posada v Pelaez, 37 AD3d 168 [1st Dept 2007].)
Plaintiffs satisfaction of the prerequisites for obtaining an extension of time to serve defendant is not before the court inasmuch as plaintiff has not moved for an extension under CPLR 306-b or Uniform City Court Act § 411. If he does so, the reviewing court can decide whether the extension should be granted or, in the alternative, the action should be dismissed for failure to serve process within the statutory time frames of CPLR 306-b and Uniform City Court Act § 402. (See Posada v Pelaez, 37 AD3d 168 [2007].)
Conclusion
For the foregoing reasons, plaintiff’s motion to vacate the court’s July 13, 2006 order denying his summary judgment motion is denied.

. The court’s records indicate that this motion was never filed or docketed with the court.

. Because plaintiffs attorney mailed the instant motion directly to the court’s chambers, it was not immediately filed. The instant motion was filed and docketed on January 31, 2007. The parties were notified that the return date would be canceled because the court was officially closed on the date plaintiff chose for the return date and because the court determined there was no need for oral argument.

. No affidavit of service of the summons and notice of summary judgment motion in lieu of complaint has been filed, nor was one attached to the instant motion.

. Cf. CPLR 317, which permits vacatur of a default judgment entered against a defendant who shows that he or she was not personally served with the summons, so long as the defendant moves for vacatur within one year after learning of the entry of the judgment and demonstrates a meritorious defense.

. That CPLR 306-b lists several forms of process used to initiate an action or proceeding but does not expressly identify a summons and summary judgment motion in lieu of complaint does not negate the applicability of that provision’s time limits for service of such documents. (See Huang v Revilla, 170 Misc 2d 617, 618 [Sup Ct, Queens County 1996].) CPLR 306-b governs the time limits for service of the documents that initiate an action. A summons and summary judgment motion in lieu of a complaint initiate a legal action. Accordingly, there is no reason to apply different time limits to a plaintiffs obligation to serve such documents than those that are applied to other forms of legal process.

. The filing system for commencement of legal actions was adopted in city courts throughout New York State on September 8, 2005. (See L 2005, ch 452, § 7.)

. A plaintiff is required to file proof of service of process under Uniform City Court Act § 409. However, that provision prescribes no time limits for doing so. While CPLR 308 (2) and (4) requires the filing of proof of service of process pursuant to those subdivisions within specified time periods, CPLR 308 (1) and (3) are silent as to when proof of service pursuant to those subdivision must be filed.