■ SHIRLEY JOHNSON, Appellant, v CONCOURSE VILLAGE, INC., et al., Respondents. [892 NYS2d 358]—

Although plaintiff's counsel served her pleadings just one day after the applicable 120-day service period expired (*see* CPLR 306-b), and counsel offered proof that he attempted to arrange for service with eight days remaining out of the 120-day period, he nonetheless failed to show diligence in his efforts to effect service, particularly as the three-year statute of limitations (CPLR 214 [5]) had already expired, and he did not follow up with the process server regarding completion of service until after the 120-day service period had expired. There was no evidence to indicate that the corporate defendants could not be located, or that they could not be readily served through the Secretary of State. Furthermore, counsel waited until after de-

fendants moved to dismiss before he cross-moved for an extension of the time to serve some several months later. Such evidence of lack of diligence undermines plaintiff's "good cause" argument in support of her extension request (*see generally Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95 [2001]).

Nor is a grant of an extension to serve the pleadings warranted in the interest of justice. The circumstances presented, including that the statute of limitations expired, plaintiff's lack of diligence in prosecuting this action, the lack of probative evidence offered as to the claim's merit, the vague allegations of injury, the lack of notice given of the claim for more than three years and three months, the prejudice to defendants and the several month delay in moving for an extension of the time to serve, demonstrate that the dismissal of this action was appropriate (*see Slate v Schiavone Constr. Co.*, 4 NY3d 816 [2005]; *Posada v Pelaez*, 37 AD3d 168 [2007]; *compare de Vries v Metropolitan Tr. Auth.*, 11 AD3d 312 [2004]). Concur—Tom, J.P., Andrias, McGuire and Manzanet-Daniels, JJ.