■ HSBC Bank USA, Respondent, v Christine Carvalho, Appellant. [9 NYS3d 49]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 14, 2014, which, to the extent appealed from, granted the motion of Cadlerock Joint Venture, L.P., the purported assignee of plaintiff, to the extent of extending the time to serve the summons and complaint upon defendant by 45 days, unanimously reversed, on the law, with costs, and the motion denied.

In this action to enforce a guaranty executed by defendant for a loan she obtained from plaintiff, plaintiff served a summons, complaint, and motion for a default judgment at defendant's old address, even though defendant had previously notified plaintiff of her new address. After plaintiff obtained a default judgment against defendant in 2008, Cadlerock, as the purported assignee of plaintiff, notified defendant at her correct address that it had purchased her loan from plaintiff. However, Cadlerock did not inform defendant that a judgment had been obtained against her. Defendant did not learn about the judgment against her until February 2013, five years after the entry of the judgment.

Given the extreme lack of diligence shown by plaintiff and Cadlerock, and the long delay (more than five years after the claim accrued) before defendant received any notice of the action, the court below abused its discretion in granting Cadlerock an extension of time to serve defendant (*see Slate v Schiavone*

*Constr. Co.*, 4 NY3d 816, 817 [2005]). Cadlerock has not shown good cause for such an extension, nor is an extension warranted in the interest of justice (*see id.*; *see also* CPLR 306-b). In addition to the long delay and lack of diligence, Cadlerock failed to address in its motion papers questions surrounding the merits of the claim—namely, whether the Small Business Administration had purchased the loan prior to Cadlerock's purported acquisition of it (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]). Cadlerock's fact-based arguments regarding the validity of its claim are improperly raised for the first time on appeal (*see Kohn v City of New York*, 69 AD3d 463, 463-464 [1st Dept 2010]). Concur—Gonzalez, P.J., Mazzarelli, DeGrasse and Kapnick, JJ.