Schwartz v Chan (2018 NY Slip Op 03930)





Schwartz v Chan


2018 NY Slip Op 03930


Decided on June 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2018

Friedman, J.P., Sweeny, Gische, Mazzarelli, Gesmer, JJ.


6759 154570/16

[*1]Gil-Ad Schwartz, Plaintiff-Appellant,
v
Regina Chan, Defendant-Respondent.


Sweetbaum & Sweetbaum, New York (Marshall D. Sweetbaum of counsel), for appellant.
Satterlee Stephens LLP, New York (Mario Aieta of counsel), for respondent.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered on or about June 12, 2017, which granted defendant's motion to dismiss the complaint, with prejudice, and denied plaintiff's motion to extend the time to serve process, with prejudice, unanimously affirmed, with costs.
Plaintiff's claims are time-barred since they were brought more than a year after the allegedly offending statements were published (CPLR 215[3]). Plaintiff argues, for the first time on appeal, that his time to commence the action was tolled by CPLR 207. This argument is unpreserved and in any event unavailing, since plaintiff failed to show that jurisdiction over defendant could not be obtained without personal service to her within the state (see CPLR 207[3]), i.e., that it was or would have been a "practical impossibility" for him to serve her while she was outside the state, either in England or in New Jersey (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C207:1). Plaintiff's contention that defendant lied about her address in an effort to evade service is unsubstantiated by the record.
As plaintiff's claims were already time-barred under the statute of limitations for libel and slander actions (CPLR 215[3]) when he filed the summons, CPLR 306-b is unavailable to him to extend his time to serve the complaint (see Baptiste v "John Doe," 89 AD3d 436, 437 [1st Dept 2011], lv denied 18 NY3d 806 [2012]). Nor is an extension warranted in the interest of justice, since the claims not only are time-barred but also lack merit (see Johnson v Concourse Vil., Inc., 69 AD3d 410 [1st Dept 2010], lv denied 15 NY3d 707 [2010]). The statements of which plaintiff complains are protected by the litigation privilege, since they were prepared in connection with a threatened litigation, at the direction of a potential defendant, by an individual who, at a minimum, was a potential witness (see e.g. Front, Inc. v Khalil, 24 NY3d 713 [2015]).
Contrary to plaintiff's contention, the common interest privilege also applies to the subject statements. Moreover, given the context in which the statements were prepared, namely, in response to plaintiff's threats of litigation, plaintiff cannot show that the only cause for the statements was malice on defendant's part (see Liberman v Gelstein, 80 NY2d 429, 439 [1992]; [*2]Frechtman v Gutterman, 115 AD3d 102, 107-108 [1st Dept 2014]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 5, 2018
CLERK