Zegelstein v Faust (2020 NY Slip Op 00390)





Zegelstein v Faust


2020 NY Slip Op 00390


Decided on January 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 21, 2020

Manzanet-Daniels, J.P., Gesmer, Oing, Moulton, González, JJ.


10828N 651198/14

[*1] Ricky Zegelstein, M.D., et al., Plaintiffs-Appellants,
v
Michael J. Faust, M.D., et al., Defendants-Respondents, Jed Kaminetsky, M.D., et al., Defendants.


The Law Office of Tamara M. Harris, New York (Tamara Harris of counsel), for appellants.
Ann R. Starer, Scarsdale, for Michael J. Faust, M.D., respondent.
Garfunkel Wild, P.C., Great Neck (Gillon Barkins of counsel), for Michael P. Krumholz, M.D., respondent.
Swidler & Messi LLP, New York (Steven A. Swidler of counsel), for Alan Raymond, M.D., respondent.
Law Offices of John V. Golaszewski, New York (John V. Golaszewski of counsel), for Haroon Chaudhry, M.D., respondent.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered June 12, 2017, which, insofar as appealed from as limited by the briefs, denied plaintiffs' cross motions for an extension of time to serve a summons and/or complaint, unanimously affirmed, with costs.
Plaintiffs provided patient anesthesia services at the offices of defendants Michael J. Faust, M.D., Michael P. Krumholz, M.D., Jed Kaminetsky, M.D., and Alan Raymond, M.D. (the Specialist Defendants) for various periods between 2002 and 2011. Defendant Haroon Chaudhry, M.D. was employed by plaintiffs as an anesthesiologist between 2002 and 2004. Plaintiffs allege that the Specialist Defendants secretly collected fees from insurers and patients that were due to plaintiffs in breach of their agreements not to collect payments on behalf of or due to plaintiffs. Plaintiffs also allege that, after his departure from their employ, Chaudhry falsely identified himself as being affiliated with plaintiffs and re-directed payments due to plaintiffs to himself.
In support of their motions for an extension of time for service pursuant to CPLR 306-b, plaintiffs failed to demonstrate either "good cause" for not timely serving defendants or that an extension of time was warranted "in the interest of justice." Plaintiffs' lack of diligence precludes a finding of good cause (see generally Henneberry v Borstein, 91 AD3d 493, 496 [1st Dept 2012]). Their excuses for not timely serving defendants amount at best to law office failure, which is insufficient (see id. at 495-496; Rodriguez v Consolidated Edison Co. of N.Y., Inc., 163 AD3d 734, 736 [2d Dept 2018]). Moreover, although plaintiffs were alerted to a potential service issue months earlier, they did not move for an extension until after defendants brought their motions to dismiss (see Johnson v Concourse Vil., Inc., 69 AD3d 410, 410-11 [1st Dept 2010], lv denied 15 NY3d 707 [2010]).
An "interest of justice" extension is also unwarranted (see generally Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]). In addition to plaintiffs' extreme lack of diligence, the statute of limitations on the majority of plaintiffs' claims appears to have expired prior to initiation of this action, although it is difficult to say with certainty due to the lack of [*2]specificity in the complaint (see Yardeni v Manhattan Eye, Ear & Throat Hosp., 9 AD3d 296, 297-298 [1st Dept 2004], lv denied 4 NY3d 704 [2005]). This lack of specificity also weighs against allowing an extension, as does the prejudice suffered by defendants, who were unable to timely investigate plaintiffs' claims (see Johnson, 69 AD3d at 411).
We decline to address defendants' arguments regarding mootness, which are raised for the first time on appeal. We also do not find that sanctions are warranted at this time.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 21, 2020
CLERK