Garrow v Pittsburgh Logistics Sys., Inc. (2020 NY Slip Op 05010)





Garrow v Pittsburgh Logistics Sys., Inc.


2020 NY Slip Op 05010


Decided on September 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 17, 2020

529191

[*1]Ross Garrow et al., Respondents,
v
Pittsburgh Logistics Systems, Inc., Doing Business as PLS Logistics Services, Appellant, et al., Defendant.

Calendar Date: August 19, 2020

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Pritzker, JJ.


Law Offices of Tromello & Fishman, Latham (Christine D. Hanlon of counsel), for appellant.
David M. Lenney, Clifton Park, for respondents.



Clark, J.
Appeal from an order of the Supreme Court (Buchanan, J.), entered March 19, 2019 in Saratoga County, which, among other things, granted plaintiffs' cross motion to extend the time for service on defendant Pittsburgh Logistics Systems, Inc.
In March 2018, plaintiffs filed a summons with notice in the Saratoga County Clerk's office naming Pittsburgh Logistics Systems, Inc. (hereinafter PLS) and United Furniture Industries, Inc. as defendants. Plaintiffs thereafter sought to effectuate service upon PLS — a foreign corporation not authorized to do business in New York — by personally delivering the summons with notice to an authorized agent of the Secretary of State and sending a copy of the summons with notice by registered mail, return receipt requested, to the address that PLS had registered with the Bureau of Corporations and Charitable Organizations within Pennsylvania's Department of State (see Business Corporation Law § 307 [a], [b] [2]). The mailing, however, was not ultimately received by PLS, having instead been returned to plaintiffs' attorney as undeliverable — a fact that went unnoticed by plaintiffs for several months.
In June 2018, plaintiffs filed a complaint, seeking to recover for personal injuries that plaintiff Ross Garrow had allegedly sustained during a furniture delivery to his place of employment. PLS learned of the personal injury action in July 2018 through correspondence from United Furniture's insurance carrier and later sought and obtained a copy of the summons and complaint from the carrier. In September 2018, PLS filed an answer to the complaint, asserting various affirmative defenses, including lack of personal jurisdiction, and a cross claim against United Furniture. PLS thereafter moved, pursuant to CPLR 311 (a) and 3211 (a) (8), to dismiss the complaint against it on the ground that plaintiffs had failed to effectuate service in strict accordance with Business Corporation Law § 307 and, thus, had not acquired personal jurisdiction over it. Plaintiffs opposed the motion and cross-moved for an order pursuant to CPLR 2004 granting them a 30-day extension to file "the package containing the undelivered mailing of the [s]ummons with [n]otice" with the Saratoga County Clerk, as well as an order dismissing PLS's affirmative defense alleging lack of personal jurisdiction. Supreme Court denied PLS's motion, granted plaintiffs' cross motion to the extent of affording them a 120-day extension of time under CPLR 306-b "to start again" and otherwise denied plaintiffs' cross motion. PLS appeals.
Plaintiffs conceded in Supreme Court that they failed to strictly comply with the dictates of Business Corporation Law § 307 — namely, the requirement to timely file within 30 days an affidavit of compliance, together with the process and "the return receipt signed by [PLS,] or other official proof of delivery or . . . the original envelope with a notation by the postal authorities that acceptance was refused" (Business Corporation Law § 307 [c] [2]). In seeking to extend the 30-day time period within which to file the affidavit of compliance and the requisite accompanying documents, plaintiff relied on the extension provision contained in CPLR 2004. That provision states that, "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed" (CPLR 2004). However, because the failure to strictly comply with the procedures of Business Corporation Law § 307 constitutes a jurisdictional defect, rather than a mere irregularity, the 30-day time period in Business Corporation Law § 307 (c) (2) is not subject to extension under CPLR 2004 (see Flannery v General Motors Corp., 86 NY2d 771, 773 [1995]; Flick v Stewart-Warner Corp., 76 NY2d 50, 56-57 [1990]; Smolen v Cosco, Inc., 207 AD2d 441, 441-442 [1994]). Thus, Supreme Court should have denied plaintiffs' cross motion on this basis.
Instead, on its own initiative, Supreme Court used CPLR 2004 to grant plaintiffs an extension under CPLR 306-b, affording plaintiffs 120 days from the date of its decision and order "to start again; i.e., to re-serve PLS in full compliance with all of the terms of [Business Corporation Law] § 307." In so determining, Supreme Court used the extension standard set forth in CPLR 2004, rather than the one delineated in CPLR 306-b, which provides that a court may extend the 120-day time period for service following the commencement of the action "upon good cause shown or in the interest of justice." When the proper standard is applied, plaintiffs would not have been entitled to an extension of time under CPLR 306-b to properly serve PLS in accordance with Business Corporation Law § 307.
To be entitled to an extension of time to effectuate service upon a defendant under CPLR 306-b, a plaintiff must make a showing of "good cause" for the failure to timely serve the defendant or, alternatively, that an extension of time should be granted "in the interest of justice" (CPLR 306-b). The Court of Appeals has made clear that the "good cause" showing is the more stringent ground for extension under CPLR 306-b, requiring the plaintiff to establish that reasonably diligent efforts were made to effectuate service (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105 [2001]; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31-32 [2009]).
Here, plaintiffs did not make reasonably diligent efforts to comply with the procedures of Business Corporation Law § 307. Although plaintiffs personally delivered the summons with notice to an authorized agent of the Secretary of State and sent a copy of the summons with notice by registered mail, return receipt requested, to the address that PLS had registered with the Bureau of Corporations and Charitable Organizations within Pennsylvania's Department of State (see Business Corporation Law § 307 [a], [b] [2]), they made absolutely no effort to thereafter file the affidavit of compliance and the requisite accompanying documents (see Business Corporation Law § 307 [c] [2]). Moreover, the excuse provided for plaintiffs' failure to timely serve PLS in accordance with Business Corporation Law § 307 amounts to law office failure, an excuse that has been held to be insufficient to constitute good cause (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104-105; Zegelstein v Faust, 179 AD3d 541, 542 [2020]; Rodriguez v Consolidated Edison Co. of N.Y., Inc., 163 AD3d 734, 736 [2018]). Thus, as plaintiffs did not make the requisite showing, they are not entitled to an extension "upon good cause" under CPLR 306-b.
The alternative "interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105). In conducting this analysis, courts may consider the plaintiff's diligence in attempting service, "along with any other relevant factor . . ., including [the] expiration of the [s]tatute of [l]imitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and [any] prejudice to [the] defendant" (id. at 105-106; see Heath v Normile, 131 AD3d 754, 755 [2015]).
In addition to plaintiffs' failure to make reasonably diligent efforts to effectuate service pursuant to Business Corporation Law § 307, plaintiffs did not seek an extension of time to complete service until November 2018 — approximately four months after sending a copy of the summons with notice to PLS by registered mail and roughly eight months after filing the summons with notice. Such extension request was not prompted by plaintiffs' own discovery of their failure to comply with Business Corporation Law § 307 (c) (2); rather, it was in response to PLS's motion to dismiss the complaint against it for failure to properly effectuate service. Further, although Supreme Court was under the impression that the statute of limitations had not yet run, there is no indication in the record as to why the three-year statute of limitations did not expire in March 2016,[FN1] three years after the alleged injuries occurred and two years prior to the commencement of this action (see CPLR 214 [5]). Together, the foregoing considerations weigh heavily against an extension under CPLR 306-b in the interest of justice (see Zegelstein v Faust, 179 AD3d at 542-543; Jung Hun Cho v Bovasso, 166 AD3d 868, 870 [2018]). In addition, because plaintiffs moved for an extension under CPLR 2004, which requires a different analysis, PLS did not have an opportunity to argue against the application of CPLR 306-b. Accordingly, under these circumstances, Supreme Court should have granted PLS's motion to dismiss the complaint against it and denied plaintiffs' cross motion.
Egan Jr., J.P., Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, with costs to defendant Pittsburgh Logistics Systems, Inc., by reversing so much thereof as partially granted plaintiffs' cross motion and denied said defendant's motion; cross motion denied in its entirety, motion granted and complaint dismissed against said defendant; and, as so modified, affirmed.



Footnotes

Footnote 1: The complaint alleges an accident date of March 17, 2013.