Nationstar Mtge. LLC v McCallum (2021 NY Slip Op 00806)





Nationstar Mtge. LLC v McCallum


2021 NY Slip Op 00806


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Manzanet-Daniels, J.P., Gische, González, Shulman, JJ. 


Index No. 382890/09 Appeal No. 13083-13083A Case No. 2019-04246 

[*1]Nationstar Mortgage LLC, Plaintiff-Respondent,
v
Clevon McCallum et al., Defendants-Appellants, Mortgage Electronic Registration Systems, Inc., etc., et al., Defendants.


Joseph A. Altman P.C., Bronx (Joseph A. Altman of counsel), for appellants.
McCalla Raymer Leibert Pierce, LLC, New York (Charles H. Jeanfreau of counsel), for respondent.



Orders, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about September 23, 2019, which granted plaintiff's motion for an extension of time to serve defendant Nicola McCallum the summons and complaint, unanimously reversed, on the law and the facts, with costs, and the motion denied.
On December 17, 2009, plaintiff commenced this foreclosure action. Defendant Nicola McCallum was purportedly served with the summons and complaint on December 30, 2009 pursuant to CPLR 308(2). On or about October 4, 2013, an order of reference was entered in the foreclosure action, and a judgment of foreclosure sale was entered on May 15, 2015. On October 26, 2015, defendant moved, by order to show cause, to vacate the order of reference and judgment of foreclosure and sale, and either dismiss the action for failure to properly serve the summons, complaint, and RPAPL 1303 notice or, in the alternative, to permit her to file an answer. By order dated February 7, 2017, the motion court granted defendant's motion to vacate the judgment and order of reference and dismissed the foreclosure action as to her. Plaintiff appealed and in December 2018, this Court reversed the order and remanded the matter for a traverse hearing (see Nationstar Mtge. LLC v McCallum, 167 AD3d 523, 524 [1st Dept 2018]). We found that a traverse hearing was warranted because there is a factual issue concerning whether the service address was defendant's dwelling place or usual place of abode at the time of service (see id.). In May 2019, plaintiff moved for an extension of time to serve defendant the summons and complaint, pursuant to CPLR 306-b. The motion court granted plaintiff's motion under the interest of justice standard (see CPLR 306-b).
"The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]).
The motion court improvidently exercised its discretion in granting plaintiff's CPLR 306-b motion for an extension of time to serve defendant with the summons and complaint in the interest of justice. Here, plaintiff waited nearly five years after defendant put plaintiff on notice that service was purportedly improper, nine years after the action was commenced, and five months after this Court determined that a traverse hearing was warranted to move for an extension of time (see e.g. Wells Fargo Bank, N.A. [*2]v Kaul, 180 AD3d 956, 959 [2d Dept 2020]). Plaintiff failed to explain its delay. Further, plaintiff failed to rebut the inference of substantial prejudice to defendant that arose due to its protracted delay (see Leader, 97 NY2d at 107; BAC Home Loans Servicing, L.P. v Rogener, 171 AD3d 996, 999 [2d Dept 2019]). While it remains unclear whether service was improper, as there has been no traverse hearing, there is no indication in the record that defendant had actual notice of the action within 120 days of its commencement (see Kaul, 180 AD3d at 959; compare Chandler v Osadln, Inc., 181 AD3d 897, 898 [2d Dept 2020][as the defendant "gained actual notice of this action within 120 days after its commencement, [he] did not show that his ability to defend the action was prejudiced in any demonstrable way"]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021