Commissiong v Mark Greenberg Real Estate Co. LLC (2022 NY Slip Op 02192)





Commissiong v Mark Greenberg Real Estate Co. LLC


2022 NY Slip Op 02192


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Renwick, J.P., Gesmer, Singh, Rodriguez, JJ. 


Index No. 100171/20 Appeal No. 15634 Case No. 2020-04888 

[*1]Carol Commissiong, Plaintiff-Appellant,
v
Mark Greenberg Real Estate Co. LLC, et al., Defendants-Respondents.


Carol Commissiong, appellant pro se.
Boyd Richards Parker Colonnelli, New York (Jacqueline L. Aiello of counsel), for Mark Greenberg Real Estate Co., LLC, Graham Canon, Island House Tenants Corp, Amrah Cardoso, Steven Greenbaum, Rachelle Neufville, Taj Jackson, Kim Clark, Mark Zeltser and Alicia Pais, respondents.
Axelrod, Fingerhut & Dennis, New York (Osman Dennis of counsel), for IH Preservation Partners LLC and David B. Hirschhorn, respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered November 16, 2020, which denied plaintiff's motion for a default judgment, unanimously affirmed, without costs.
The motion court providently denied plaintiff's motion for a default judgment based on her failure to submit proof of service and proof of the merits of her claim in her moving papers (CPLR 3215[f]). Although plaintiff argues that her verified complaint and affidavits of service were previously filed with the court and should have been considered, her process server's affidavits of service contained several defects precluding a determination that service was proper.
To begin, the filing of the process server's affidavit on July 7, 2020, more than 120 days after the February 20, 2020 service date, exceeded the 120-day time limit under CPLR 306-b for completion of service of process. Even if we were to overlook such a defect under CPLR 2001, the substance of the affidavit does not support plaintiff's contention that service was properly effected. With respect to the individual defendants, the affidavit of service failed to list the names of the persons purportedly served and did not state that an additional copy of the papers had been mailed to each of them, rendering incomplete the purported service via a person of suitable age and discretion (CPLR 308[2]; Raschel v Rish, 69 NY2d 694, 696-697 [1986]). As for service on the corporate and limited liability company defendants, the affidavit of service did not state that the "receptionist" who accepted service at the management office was an officer, authorized agent, or member of the defendant entities to qualify as proper service under CPLR 311 or 311-a (see e.g. Gleizer v American Airlines, Inc., 30 AD3d 376, 376 [2d Dept 2006]). Finally, because plaintiff is a party, her service of papers in the action was prohibited under CPLR 2103(a).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022