Morini v Thurman (2023 NY Slip Op 04933)

Morini v Thurman

2023 NY Slip Op 04933

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Kern, J.P., Moulton, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 159159/21 Appeal No. 682 Case No. 2022-03778 

[*1]Alina Morini, Plaintiff-Appellant,
v
Taya Thurman, Defendant-Respondent, "John and or Jane Doe 1" et al., Defendants.

Robert J. Hantman, New York, for appellant.
Eisner, LLP, New York (Evangelos Michailidis of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered August 25, 2022, which denied plaintiff's motion for default judgment, or, in the alternative, for leave to serve defendant by an alternate service method, and granted defendant's cross-motion to dismiss the action without prejudice, unanimously affirmed, with costs.
Plaintiff makes no substantive argument with respect to her default motion, and thus has waived any arguments regarding the merits of that motion on appeal (see e.g. Rozina v Casa 74th Dev. LLC, 115 AD3d 506, 507 [1st Dept 2014], lv dismissed 24 NY3d 1097 [2015]). In any event, the court providently denied the default motion based on plaintiff's incomplete service, her failure to submit a proper proof of service and her failure to submit proof of the merits of her claim (Commissiong v Mark Greenberg Real Estate Co. LLC, 203 AD3d 657, 657 [1st Dept 2022], lv dismissed 38 NY3d 1119 [2022]).
The court also properly granted defendant's cross-motion to dismiss. CPLR 306-b requires a plaintiff to serve a summons with notice within 120 days of commencing the action or be subject to dismissal. Further, under CPLR 308(2), proof of substituted service must be filed with the court within 20 days of the date the summons with notice was delivered or mailed, whichever is later (id.). However, plaintiff failed to offer admissible evidence that she effected service or filed a proof of service prior to the deadlines, and failed to seek relief from court for an extension (HSBC Bank USA, N.A. v Russo, 205 AD3d 647, 648 [1st Dept 2022]). Regardless, plaintiff failed to show that an extension of time should have been granted "upon good cause shown or in the interest of justice" (id.). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023