**Kapitus Servicing, Inc. v Blackmon**

2025 NY Slip Op 31633(U)

May 5, 2025

Supreme Court, New York County

Docket Number: Index No. 653269/2021

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. NICHOLAS W. MOYNE**      PART        **41M**

*Justice*

-------------------------------------------------------------------------------X

KAPITUS SERVICING, INC.

                 Plaintiff,

            - v -

TIMOTHY BLACKMON,

                Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 653269/2021 |
| MOTION DATE | 11/06/2024, 11/06/2024 |
| MOTION SEQ. NO. | 001 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20

were read on this motion to/for           EXTEND - TIME          .

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20

were read on this motion to/for           JUDGMENT - DEFAULT          .

Upon the foregoing documents, it is

       Plaintiff, Kapitus Servicing, Inc. f/k/a Colonial Funding Network, Inc. as servicer and agent for Flash Advance/Direct Merchants Funding, LLC ("Kapitus Servicing"), commenced this action against defendant, Timothy Blackmon (a/k/a Timothy Warren Blackmon) d/b/a Garden Cottage Florist ("Blackmon"), to recover for amounts owed pursuant to two Revenue Based Factoring Agreements for the Purchase and Sale of Future Receivables, and asserting claims for breach of contract, account stated, breach of guaranty, and attorneys' fees.[1] Specifically, Kapitus Funding seeks to recover the total amount of $48,514.73, consisting of: $33,199.73, the balance of the receivables owed; plus $15,000.00, the amount for "Default" and

---

[1] In the affirmation by plaintiff's counsel, plaintiff has advised that it waives both its' second cause of action for account stated and its' fourth cause of action for attorneys' fees (NYSCEF Doc. No. 8 at 3; 4). Accordingly, plaintiff only seeks entry of a default judgment on the remaining claims for breach of contract and breach of guaranty.

**653269/2021  KAPITUS SERVICING, INC. vs. BLACKMON, TIMOTHY**
Motion No.  001 001

**Page 1 of 10**

"Blocked Account" fees; and $315.00, the amount of "ACH debit fees due to Payment Stopped" (NYSCEF Doc. No. 1).

In Motion Sequence 001, Kapitus Servicing now moves, pursuant to CPLR §§ 3215, 2004, and/or 306-b, for an order: (i) extending the plaintiff's time to serve the complaint upon the defendant(s) and deeming service complete *nunc pro tunc*; and (ii) directing the Clerk to enter a default judgment against said defendant(s) for their repeated failure to appear in this action. For the reasons set forth below, the motion is denied in its entirety and the action is dismissed.

As relevant here, Blackmon is and/or was a sole proprietor, operating and/or doing business as "Garden Cottage Florist". The underlying action arises out of two agreements known as "Revenue Based Factoring Agreements for the Purchase and Sale of Future Receivables" between the plaintiff and Garden Cottage Florist, with the agreements dated March 12, 2015 (contract #427562), and June 16, 2015 (contract #555042) (*see* NYSCEF Doc. No. 2). Blackmon executed and/or signed the guaranty provision contained in the agreements, personally guaranteeing Garden Cottage Florist's full performance and obligations under the two agreements (*see Id.* at 4; 9). Under said agreements, plaintiff purchased $47,565.00 worth of Garden Cottage Florist's future receivables, paying the agreed upon purchase price of $34,500.00. Accordingly, plaintiff was entitled to collect a daily percentage (12%) of the Garden Cottage Florist receivables via Automated Clearing House (ACH) and all the receivables were to be deposited into a single, specified depositing account that was to be made fully accessible to Kapitus Servicing. Plaintiff contends that, in default of the terms of the agreements, it has been unable to collect the daily percentage as of September 4, 2015, when Garden Cottage Florist and/or Blackmon's depositing of all receivables into the designated account stopped. Further,

**653269/2021   KAPITUS SERVICING, INC. vs. BLACKMON, TIMOTHY**
**Motion No.  001 001**

**Page 2 of 10**

Kapitus Servicing alleges that Blackmon breached his obligations under the guaranty by failing to remedy or cure this default and thus may be held liable.

On or around May 19, 2021, Kapitus Funding commenced the underlying action by filing a copy of the summons and complaint, alleging claims for breach of contract and/or breach of guaranty premised on the September 4, 2015-default (NYSCEF Doc. No. 1-3). However, after these documents were filed on May 19, 2021, no further actions or filings were made until May 22, 2024, when an affidavit of service for Blackmon was filed (NYSCEF Doc. No. 4). Thereafter, on or around November 6, 2024, plaintiff filed its' motion seeking to extend the time for service of process and requesting that said service, the papers having been delivered on May 13, 2024, and the affidavit for which having been filed on May 22, 2024, be deemed complete and valid *nunc pro tunc.* as well as for entry of a default judgment against Blackmon.

CPLR §§ 306-b & 2004:

Within the context of its' motion for a default judgment, plaintiff seeks an extension of time to serve the summons and complaint on defendant, pursuant to CPLR § 306-b, asserting that the court should excuse the plaintiff's failure to timely serve the defendant for good cause shown and in the interest of justice. Plaintiff is also requesting that the personal service be deemed validly completed and/or the affidavit of service filed on May 22, 2024, be deemed timely filed *nunc pro tunc* (*see* CPLR § 2004; *First Fed. Sav. & Loan Assn. of Charleston v Tezzi*, 164 AD3d 758, 760 [2d Dept 2018]).

CPLR § 306-b requires that service of the summons and complaint be made within one hundred twenty days after the commencement of the action. However, CPLR § 306-b provides that where service is not made upon defendant in the time provided, the court, upon motion, shall dismiss the action without prejudice or, upon good cause shown or in the interest of justice,

**653269/2021   KAPITUS SERVICING, INC. vs. BLACKMON, TIMOTHY**
**Motion No.  001 001**

**Page 3 of 10**

extend the time for such service. Good cause and in the interest of justice are two separate grounds for extension, with two separate standards by which to measure an application for an extension of time to serve (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104 [2001]). Therefore, this 120-day period for effecting service upon a defendant may be extended when, upon motion, either the "upon good cause shown" or the "in the interest of justice" standard has been met (*Henneberry v Borstein*, 91 AD3d 493, 495 [1st Dept 2012]). Whether to grant an extension of time for service is a matter within the court's discretion (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 101 [2001]).

To establish good cause, the plaintiff must show reasonable diligence in attempting to effect service, and good cause may be found where the plaintiff's failure to timely serve is a result of circumstances beyond its control (*Henneberry v Borstein*, 91 AD3d 493, 496 [1st Dept 2012]; *Bumpus v New York City Tr. Auth.*, 66 AD3d 26, 32 [2d Dept 2009]). Here, the plaintiff has failed to establish good cause warranting an extension of time to serve the defendant, as plaintiff has not shown reasonably diligent efforts to effect proper service (*see MTGLQ Inv'rs, L.P. v Shay*, 190 AD3d 527, 529 [1st Dept 2021]).

Plaintiff alleges that within the initial 120-day period it retained a licensed process server and attempted to serve the defendant twice. However, both attempts were unsuccessful, with the Affidavits of Attempted Service including comments from the process server indicating that the first address was "vacant and under construction" and the second was the address of defendant's ex-wife, who stated she hadn't seen Blackmon "in six to eight years" and did "not know his whereabouts" (NYSCEF Doc. No. 13).

However, although plaintiff may have attempted service at two addresses, an attempt at service that later proves defective cannot be the basis of a "good cause" extension to serve

**653269/2021   KAPITUS SERVICING, INC. vs. BLACKMON, TIMOTHY**
**Motion No.  001 001**

**Page 4 of 10**

(*Estate of Fernandez by Salsbury v Wyckoff Hgts. Med. Ctr.*, 162 AD3d 742, 743 [2d Dept 2018]). Further, plaintiff failed to explain any reasonably diligent efforts made to effect proper service in the three years following the initial unsuccessful attempts or notification that the provided addresses were incorrect (*Hourie v N. Shore-Long Is. Jewish Health Sys.*, 150 AD3d 707, 709 [2d Dept 2017]; *MTGLQ Inv'rs, L.P. v Shay*, 190 AD3d 527, 529 [1st Dept 2021]). Nor does plaintiff offer any explanation or evidence regarding efforts to follow up with the process server about completion of service or the inability to do so (*Johnson v Concourse Vil., Inc.*, 69 AD3d 410 [1st Dept 2010]), nor showing that it undertook any steps to locate the defendant or confirm an alternative address (*HSBC Bank USA, N.A. v Labin*, 232 AD3d 861, 863 [2d Dept 2024]), nor demonstrating any reasonable steps to determine why the defendant never answered/appeared in the action (*Chen v New York Hosp. Med. Ctr. of Queens*, 200 AD3d 512, 513 [1st Dept 2021]; compare *Bank v Estate of Robinson*, 144 AD3d 1084, 1085 [2d Dept 2016]).

Additionally, the plaintiff's excuse for failing to timely serve process include that the error and/or oversight was caused by personnel departure in the plaintiff's legal department handling the litigation docket (NYSCEF Doc. No. 8; 17). This excuse amounts to law office failure, which does not constitute good cause for an extension of time to serve process (*Zegelstein v Faust*, 179 AD3d 541, 542 [1st Dept 2020]; *Rodriguez v Consol. Edison Co. of New York, Inc.*, 163 AD3d 734, 736 [2d Dept 2018]; *Deutsche Bank Sec. Inc. v 683 Capital Partners LP*, 75 Misc 3d 1226[A] [Sup Ct 2022]). Accordingly, plaintiff has failed to establish good cause for an extension of time to serve the defendant.

Under the separate interest of justice standard, the court must make a careful judicial analysis of the factual setting of the case and a balancing of the competing interests (*Woods v*

**653269/2021   KAPITUS SERVICING, INC. vs. BLACKMON, TIMOTHY**
**Motion No.  001 001**

**Page 5 of 10**

5 of 10

*M.B.D. Community Hous. Corp.*, 90 AD3d 430, 431 [1st Dept 2011]). In applying this standard, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination including the expiration of the statute of limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant (*Gjurashaj v ABM Indus. Groups, LLC*, 213 AD3d 479, 480 [1st Dept 2023], citing *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105 [2001]).

Under the circumstances presented, the plaintiff is not entitled to an extension of time to serve Blackmon under the interest of justice standard. Specifically, such an extension of time is unwarranted given the plaintiff's lack of diligence in serving the defendant, and/or seeking an extension of time to serve, the length of the delay, and the prejudice to the defendant. The summons and complaint in this action were filed on May 19, 2021, after which, the plaintiff had until September 16, 2021, to complete service of process for the defendant. However, plaintiff did not file an affidavit of service for defendant until May 22, 2024, and the present motion requesting an extension to serve was not filed until November 6, 2024. Considering, following the expiration of the 120-day period, there was a delay of more than two years for this service and a delay of three years in making a motion for an extension of time.

As to plaintiff's failure to discover that service had not been completed for this period of three-years, plaintiff contends this delay was due to an oversight resulting from departures in the legal department who handled the litigation docket. Even if this law office failure could be considered a reasonable excusable, plaintiff has failed to offer an explanation as to the lack of diligence in the time period following the process server's notification that the first two attempts were unsuccessful as the addresses were incorrect (*see US Bank N.A. v Fink*, 206 AD3d 858, 861

**653269/2021   KAPITUS SERVICING, INC. vs. BLACKMON, TIMOTHY**
**Motion No.  001 001**

**Page 6 of 10**

6 of 10

[2d Dept 2022]; *Hourie v N. Shore-Long Is. Jewish Health Sys.*, 150 AD3d 707, 709 [2d Dept 2017]). Moreover, the plaintiff failed to explain its more than five-month delay in moving for relief under CPLR § 306–b after it filed the affidavit of service on May 22, 2024 (*Wells Fargo Bank, NA v Barrella*, 166 AD3d 711, 714 [2d Dept 2018]).

Considering, the defendant would not have received notice of this action until more than three years after the summons and complaint were first filed, over two years since the statute of limitations expired on the plaintiff's claims, and more than eight years after the cause(s) of action first accrued (*see HSBC Bank USA v Carvalho*, 128 AD3d 471, 471 [1st Dept 2015] [long delay when it was more than five years after the claim accrued before defendant received any notice of the action]).

As to prejudice resulting from this delay, plaintiff asserts that the denial of an extension would severely prejudice the plaintiff, but, "there is no discernable prejudice" that defendant will suffer as defendant "would then be able to defend himself in this [a]ction as though he had been served within the first 120 days after the institution" (NYSCEF Doc. No. 17 at 5). However, in the cases where the plaintiff's delay in serving a defendant is protracted, and the defendant has no notice of the action for a protracted period of time, an inference of substantial prejudice arises (*Wells Fargo Bank, NA v Barrella*, 166 AD3d 711, 714 [2d Dept 2018]). Accordingly, as plaintiff has not offered any evidence and there is no indication in the record that defendant had actual notice of the action within 120-days of the action's commencement, plaintiff failed to rebut this inference of substantial prejudice due to the protracted delay (*Nationstar Mtge. LLC v McCallum*, 191 AD3d 480 [1st Dept 2021]). Therefore, while the expiration of the statute of limitations is a factor that would usually weigh in the plaintiff's favor, this factor is outweighed under the circumstances presented here (*MTGLQ Inv'rs, L.P. v Shay*, 190 AD3d 527, 529 [1st

**653269/2021   KAPITUS SERVICING, INC. vs. BLACKMON, TIMOTHY**
**Motion No.  001 001**

**Page 7 of 10**

7 of 10

Dept 2021]). Accordingly, the plaintiff has not established entitlement to an extension of time to serve in the interest of justice. Thus, the personal service or affidavit of service filed on May 22, 2024, should not be deemed timely or valid *nunc pro tunc,* under CPLR § 2004.

CPLR § 3215:

Nonetheless, even if this service was deemed timely *nunc pro tunc*, the plaintiff would not be entitled to entry of a default judgment against defendant. Pursuant to CPLR § 3215(f), a plaintiff seeking a default judgment bears the burden of demonstrating proof of valid service of the summons and complaint, the facts supporting each of its claims, the default, and the amount due. As the plaintiff has not submitted proof of valid service of the summons and complaint, the plaintiff's motion must be denied and the action must be dismissed due to improper service (*see Morini v Thurman*, 220 AD3d 421, 421 [1st Dept 2023]).

The plaintiff's affidavit of service includes that the summons and complaint were delivered to the defendant at an address in South Carolina with the manner of service is listed as "Personal/Individual" (NYSCEF Doc. No. 4). Thus, plaintiff must establish proper service under CPLR § 313, which permits an out-of-state individual to be served in "in the same manner as service is made within the state". As the defendant is a natural person, service must be made in accordance with CPLR § 308(2), which requires delivery of the summons to a person of suitable age and discretion at the actual place of business/dwelling of the person to be served and mailing the same to the person to be served at his or her last known residence/actual place of business.

However, personal jurisdiction is not acquired pursuant to CPLR § 308(2) unless both the delivery and mailing requirements have been complied with (*Williams v MTA Bus Co.*, 224 AD3d 467, 468 [1st Dept 2024]). This mailing requirement is to be strictly construed and, "[t]he failure to comply with CPLR [§] 308(2)'s mailing requirement is a jurisdictional defect

**653269/2021   KAPITUS SERVICING, INC. vs. BLACKMON, TIMOTHY**
**Motion No.  001 001**

**Page 8 of 10**

8 of 10

[* 8]

warranting a finding as a matter of law that service thereunder was invalid" (*AMK Capital Corp. v Plotch*, 230 AD3d 26, 31 [1st Dept 2024]). Notably, the plaintiff's affidavit of service does not mention a mailing of the pleadings nor is there any evidence or indication in the record that the mailing requirement was ever complied with (*Commissiong v Mark Greenberg Real Estate Co. LLC*, 203 AD3d 657 [1st Dept 2022]). This mailing requirement cannot be satisfied through plaintiff's compliance with additional notice requirements (*see* CPLR § 3215[g][3][ii]), as additional service is not the same as the CPLR § 308(2) mailing (*see CFG Merchant Sols., LLC v Sullon Poultry, Inc* [Sup Ct, NY County 2021]).

"Accordingly, plaintiff's failure to offer proof of mailing under CPLR [§] 308(2) was a jurisdictional defect requiring denial of plaintiff's motion for a default judgment" (*Williams v MTA Bus Co.*, 224 AD3d 467, 468-69 [1st Dept 2024]). Further, as Blackmon was not personally served with the summons and complaint as required by CPLR §§ 306-b and 3215 and has made no appearance in the action, there is therefore no jurisdiction and no basis to enter judgment against him (*Diaz v Perez*, 113 AD3d 421, 421 [1st Dept 2014]; *Peralta v City of New York*, 206 AD3d 415, 416 [1st Dept 2022]; *Commissiong v Mark Greenberg Real Estate Co. LLC*, 203 AD3d 657 [1st Dept 2022]).[2] Thus, denial of the motion and dismissal of the complaint in this action is warranted.

Accordingly, it is hereby

ORDERED that the motion by plaintiff, Kapitus Servicing, Inc. f/k/a Colonial Funding Network, Inc. as servicer and agent for Flash Advance/Direct Merchants Funding, LLC, for

---

[2] Where the statute of limitations has run and there is no basis for extending time to affect proper service, the court may dismiss the option outright (*Henneberry v Borstein*, 91 AD3d 493, 495 [1st Dept 2012]). The First Department has upheld dismissals of the complaint that were sua sponte, where there was no proper service as required under CPLR § 306-b (*Diaz v Perez*, 113 AD3d 421, 421 [1st Dept 2014]; *Peralta v City of New York*, 206 AD3d 415, 416 [1st Dept 2022]).

**653269/2021  KAPITUS SERVICING, INC. vs. BLACKMON, TIMOTHY**
**Motion No.  001 001**

**Page 9 of 10**

9 of 10

leave to enter a default judgment against and/or to extend the time to serve the defendant, Timothy Blackmon (a/k/a Timothy Warren Blackmon) d/b/a Garden Cottage Florist, is DENIED in its entirety; and it is further

ORDERED that the and the above-entitled action and complaint are dismissed, without costs and disbursements; and it is further

ORDERED that plaintiff, Kapitus Servicing, Inc. f/k/a Colonial Funding Network, Inc. as servicer and agent for Flash Advance/Direct Merchants Funding, LLC, serve a copy of this order with notice of its entry on defendant and on the Office of the County Clerk, who shall enter judgment accordingly.

This constitutes the decision and order of the court.

20250505160439MOYNE73BC4544D304451F9A2D7204B84C7622

_____
5/5/2025
**DATE**

_____
**NICHOLAS W. MOYNE, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653269/2021   KAPITUS SERVICING, INC. vs. BLACKMON, TIMOTHY**
**Motion No.  001 001**

**Page 10 of 10**