■ Donna Lippett, Appellant, v The Education Alliance, Respondent, et al., Defendants. [789 NYS2d 11]—

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered November 3, 2003, which granted defendant-respondent's motion to dismiss the complaint and denied plaintiff's cross motion to amend the complaint and for an

extension of time to effect service, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion to dismiss denied and the cross motion granted. Appeal from order, same court (Mark Friedlander, J.), entered May 25, 2004, which denied plaintiff's motion to reinstate and amend the complaint and for an extension of time to effect service, unanimously dismissed as academic, without costs.

The motion court should have granted plaintiff's cross motion for an extension of time to effect service pursuant to CPLR 306-b, and for leave to serve a supplemental summons and amended complaint. CPLR 306-b authorizes an extension of time for service "upon good cause show or in the interest of justice." "Unlike an extension request premised on good cause, a plaintiff [who is invoking the interest of justice standard] need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]).

Here, the action was timely commenced, plaintiff made a good faith attempt to serve defendant and defendant received actual notice of the claim within the prescribed 120-day period and before the expiration of the statute of limitations on the negligence claims. Plaintiff's failure to attempt to re-serve defendant upon receiving its answer alerting counsel to the problem with service should not preclude an extension in the interest of justice, particularly where defendant received actual notice of the action and shows no prejudice from the delay, and the statute of limitations expired in the interim.

Although plaintiff's complaint lacked the requisite specificity and her cross motion did not offer a proposed amended complaint, dismissal was not called for, since plaintiff's supporting affidavit on the cross motion provided the necessary details lacking from the complaint. When opposing dismissal of a complaint, "a plaintiff may submit affidavits to remedy defects in the complaint and preserve inartfully pleaded but potentially meritorious claims" (*Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998] [internal quotation marks omitted]; *see Commissioners of State Ins. Fund v Wojciech Perkowski, Inc.*, 291 AD2d 219 [2002]). The complaint, considered together with plaintiff's affidavit that she was sexually assaulted by an employee of defendant between January 2000 and August 2000, and that she

complained to defendant's supervisory employees, provides sufficient notice of the events to be proved and the material elements of plaintiff's negligence claim. We reject defendant's argument that the exact dates of the occurrences are required elements of this complaint; further specificity may be sought in the context of a bill of particulars and discovery (*see Daukas v Shearson, Hammill & Co.*, 26 AD2d 526 [1966]; *Embee Advice Establishment v Holtzmann, Wise & Shepard*, 191 AD2d 194 [1993]).

In view of the foregoing, the appeal from the order of May 25, 2004 is academic. Concur—Mazzarelli, J.P., Saxe, Friedman, Nardelli and Catterson, JJ.