■ VANESSA KHEDOURI, Appellant, v EQUINOX, Respondent. [901 NYS2d 221]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered December 8, 2008, which granted defendant's motion to dismiss the complaint and denied plaintiff's cross motion for an extension of time to serve the complaint, nunc pro tunc, and for leave to file a supplemental summons and complaint, nunc pro tunc, unanimously affirmed, without costs.

Defendant's motion to dismiss plaintiff's summons and complaint and purported supplemental summons and amended complaint was timely made by notice of motion pursuant to CPLR 3211 (*see Kitkas v Windsor Place Corp.*, 49 AD3d 607 [2008]).

In this action alleging personal injury incurred during a fitness competition at a fitness center, plaintiff made no attempt to properly serve defendant within 120 days of filing the summons and complaint and no good cause was shown for an extension of time pursuant to CPLR 306-b (*see Valentin v Zaltsman*, 39 AD3d 852 [2007]). Moreover, the court properly found that an extension in the interest of justice was not warranted based on the absence of any showing by plaintiff of a meritorious

cause of action (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95 [2001]), in light of plaintiff's voluntary assumption of the risks inherent in fitness training (*see Trupia v Lake George Cent. School Dist.*, 14 NY3d 392 [2010]; *Joseph v New York Racing Assn.*, 28 AD3d 105 [2006]). Plaintiff also failed to establish that Equinox Columbus Center, Inc. (ECCI) had any responsibility for the personnel at the subject fitness center.

The court also properly denied plaintiff leave to serve a supplemental summons and amended complaint. Plaintiff's amended complaint, served more than 20 days after service of defendant's answer, without leave of court, was a nullity pursuant to CPLR 3025 (a) (*see Nikolic v Federation Empl. & Guidance Serv., Inc.*, 18 AD3d 522, 524 [2005]).

Moreover, since plaintiff failed to name and effectively serve defendant in the first instance, the predicate action could not be revived under CPLR 306-b since the statute of limitations had expired (*see Maldonado v Maryland Rail Commuter Serv. Admin.*, 91 NY2d 467, 472 [1998]).

Further, the record established that ECCI was merely the lessee of the premises and did not operate, maintain or control the subject fitness center. Thus, based on the record, ECCI could not have been intended as the defendant in the action and, therefore, such amendment of the summons and complaint is not authorized under CPLR 305 (c) (*see Achtziger v Fuji Copian Corp.*, 299 AD2d 946 [2002], *lv dismissed* 100 NY2d 548 [2003]). Concur—Andrias, J.P., Catterson, Renwick, Richter and Román, JJ.