(January 17, 2012)

■ VIRGINIA M. HENNEBERRY, Appellant, v LEON BAER BORSTEIN et al., Respondents. [937 NYS2d 177]—

Plaintiff, proceeding pro se, brought the 2007 Action against defendant attorneys and their firm, asserting claims of legal

malpractice and breach of fiduciary duty in their representation of her in an arbitration against a former employer. That arbitration concluded on December 4, 2004 with a decision adverse to plaintiff. Plaintiff commenced the 2007 Action by filing a summons with notice on November 19, 2007, just under a month before the expiration of the applicable three-year statute of limitations (*see* CPLR 214 [6]).

On March 13, 2008, within 120 days of the filing of the summons with notice, plaintiff arranged for a licensed process server to serve defendants in accordance with CPLR 306-b. She subsequently filed two affidavits of service with the court. On April 1, 2008, 19 days later, defendants submitted a notice of appearance and a demand for a complaint. Plaintiff served a summons and complaint upon defendants on April 28, 2008.

On November 7, 2008, approximately six months later, after having sought and obtained numerous adjournments, defendants moved to dismiss the 2007 Action, on a number of grounds, including lack of personal jurisdiction. Plaintiff, now represented by counsel, cross moved for, inter alia, an extension of time to effect service pursuant to CPLR 306-b.

While the parties' motions were pending, plaintiff filed the 2009 Action, which contained substantially the same substantive claims. She did so to protect her claims in the event that the 2007 Action was terminated on a ground subject to revival under CPLR 205 (a). Next, on June 19, 2009, defendants moved to dismiss the 2009 Action, arguing that there was an identical action pending before the court (CPLR 3211 [a] [4]). On July 23, 2009, the court held a traverse hearing regarding the validity of the March 13, 2008 service.

In the first order appealed from, Justice Tingling dismissed the 2007 Action for lack of personal jurisdiction (based on improper service), without prejudice, and granted plaintiff's cross motion for an extension of time to effect service pursuant to CPLR 306-b, on condition that she purchase a new index number and properly serve a summons and complaint within 30 days after service of the order with notice of entry. In the second order appealed from, issued contemporaneously with the first, Justice Tingling dismissed the 2009 Action based upon the pendency of another identical action (CPLR 3211 [a] [4]).

Following the court's directive in the first order, on February 11, 2010 plaintiff commenced the 2010 Action. In the third order appealed from, Justice Ramos dismissed that action as untimely. Plaintiff challenges each of these three orders.

The unintended effect of the disposition of the first two orders appealed from was to deprive plaintiff of an opportunity to

pursue her timely filed lawsuit, based entirely upon her failure to effectively complete the ministerial act of properly serving defendants within 120 days of the filing of notice. This was error.

CPLR 306-b provides, as relevant: "Service of the summons and complaint, summons with notice, . . . shall be made within one hundred twenty days after the filing of the summons and complaint, summons with notice . . . . If service is not made upon a defendant within the time period provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service." The statute requires that a defendant challenging service move to dismiss on that ground (*Daniels v King Chicken & Stuff, Inc.*, 35 AD3d 345 [2006]). In deciding such a motion, the express language of CPLR 306-b gives the court two options: dismiss the action without prejudice; or extend the time for service in the existing action. Here, defendants made their motions after the statute of limitations had expired. In these circumstances, the court's options were limited to *either* dismissing the action outright, or extending the time for plaintiff to properly effect service.

The first order appealed from dismissed the action, without prejudice to the filing of a *new* action, *and* granted plaintiff's cross motion for an extension of time to effect service. This directive was internally inconsistent, and it led plaintiff to file the 2010 action, later dismissed as untimely (*Matter of Rodamis v Cretan's Assn. Omonoia, Inc.*, 22 AD3d 859, 860 [2005] [court cannot grant CPLR 306-b extension where action has been dismissed and statute of limitations has expired]; *see Sottile v Islandia Home for Adults*, 278 AD2d 482, 484 [2000]). The court should have limited its ruling in the first order on appeal to granting plaintiff's cross motion for an extension of time to effect service pursuant to CPLR 306-b (*see Lippett v Education Alliance*, 14 AD3d 430, 431 [2005]).

CPLR 306-b authorizes an extension of time for service in two discrete situations: "upon good cause shown" or "in the interest of justice" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104-106 [2001]). The Court of Appeals has confirmed that the "good cause" and "interest of justice" prongs of the section constitute separate grounds for extensions, to be defined by separate criteria (*id.* at 104). The Court stated, "Our analysis is buttressed by an examination of the legislative history behind the amendment [to CPLR 306-b]. The New York State Bar Associations Commercial and Federal Litigation Section Committee on Civil Practice Law and Rules characterized the

interest of justice standard as 'more flexible' than the good cause standard, specifically noting that '[s]ince the term "good cause" does not include conduct usually characterized as "law office failure," proposed CPLR 306-b provides for *an additional and broader standard, i.e.,* the "interest of justice," to accommodate late service that might be due to mistake, confusion or oversight, so long as there is no prejudice to the defendant' " (*id.* at 104-105 [emphasis added]). A "good cause" extension requires a showing of reasonable diligence in attempting to effect service upon a defendant. At least one Appellate Division decision has suggested that good cause is likely to be found where "the plaintiff's failure to timely serve process is a result of circumstances beyond [its] control" (*Bumpus v New York City Tr. Auth.,* 66 AD3d 26, 32 [2009] [noting difficulties of service with person in military or difficulties with service abroad through Hague Convention]).

Even if this case does not qualify for an extension under the "good cause" exception (*see Mead v Singleman,* 24 AD3d 1142, 1144 [2005]), we find that it qualifies under the "interest of justice" category. Under this prong of CPLR 306-b, the Court of Appeals has instructed that a court "may consider [plaintiff's] diligence, or lack thereof, along with any other relevant factor . . . , including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*Leader,* 97 NY2d at 105-106).

Here, plaintiff's attempted March 2008 service, although ultimately deemed defective, was a diligent attempt by a pro se plaintiff to hire a process server to serve defendants at their law firm, within 120 days of the timely filing of a summons with notice. By the time the court ruled on the motions in the 2007 Action, the statute of limitations had expired, precluding the filing of a new action. In addition, defendants were aware of the 2007 Action and appeared to demand a complaint as early as April 2008—they were not prejudiced by the service errors and were afforded full participation in discovery (*see Spath v Zack,* 36 AD3d 410, 413 [2007]). Finally, construing the pleading in the light most favorable to plaintiff, as is required on consideration of a CPLR 3211 motion to dismiss, we find that it asserts actions and omissions by defendants that support viable claims for recovery (*see Leder v Spiegel,* 31 AD3d 266 [2006], *affd* 9 NY3d 836 [2007], *cert denied sub nom. Spiegel v Rowland* 552 US 1257 [2008]).

*Khedouri v Equinox* (73 AD3d 532 [2010]) and *Shelkowitz v*

*Rainess* (57 AD3d 337 [2008]), cited by the defense in support of dismissing the action, are both distinguishable on their facts. In *Khedouri*, the court found that dismissal was warranted because plaintiff made no attempt to serve the defendant, a fitness corporation, within 120 days of filing the summons and complaint. In addition, this Court found no merit to the plaintiff's underlying claims, given the voluntary assumption of risks inherent in fitness training (73 AD3d at 532-533). Similarly, dismissal was granted in *Shelkowitz*, a personal injury action involving the accumulation of snow and ice at the defendant's building, where plaintiff made no attempt to serve the defendant within 120 days of the filing of the action, and the extension request was made 20 months after filing the complaint (57 AD2d at 337). Here, unlike both *Khedouri* and *Shelkowitz*, plaintiff attempted service within the 120-day period, defendants were aware of the action soon after the filing of the complaint, and, viewing the amended pleading in the light most favorable to plaintiff, we find it sets forth actionable claims (*Spath v Zack*, 36 AD3d 410 [2007], *supra*; *Mead v Singleman*, 24 AD3d 1142 [2005], *supra*; *Lippett v Education Alliance*, 14 AD3d 430 [2005], *supra*).

Granting plaintiff the opportunity to pursue this action is not only consistent with the "interest of justice" exception set forth in CPLR 306-b, but also with our strong interest in deciding cases on the merits where possible (*see e.g. L-3 Communications Corp. v SafeNet, Inc.*, 45 AD3d 1 [2007]). Accordingly, given our conclusion that the 2007 Action qualified for an extension of time to effect service pursuant to CPLR 306-b, we reverse the third order appealed from and deem the complaint in the 2010 Action to be an amended complaint in the 2007 Action. Concur—Gonzalez, P.J., Tom, Catterson, Richter and Román, JJ.