■ GOLDSTEIN GROUP HOLDING, INC., Appellant, v 310 EAST 4TH STREET HOUSING DEVELOPMENT FUND CORPORATION, Respondent, HOWARD BRANDSTEIN, Intervenor-Respondent, et al., Defendants. [62 NYS3d 105]—

Orders, Supreme Court, New York County (Barry R. Ostrager, J.), entered October 16, 2015, which granted defendant 310 East 4th Street Housing Development Fund Corporation's (defendant) motion to dismiss the complaint for lack of personal jurisdiction, and denied as moot plaintiff's motion to appoint a receiver, unanimously affirmed, with costs.

Supreme Court correctly dismissed the complaint for lack of personal jurisdiction, because plaintiff failed to serve defendant within 120 days after commencement of the action and failed to show that its time for service should be extended for good cause or in the interest of justice (CPLR 306-b). Plaintiff was the substituted plaintiff in a prior foreclosure action against defendant that, three months before plaintiff filed the instant complaint, was dismissed for lack of personal jurisdiction over defendant because defendant-intervenor Howard Brandstein, who had been served on defendant's behalf, was no longer defendant's president and was not authorized to accept service on its behalf (see CPLR 311 [a]). Nevertheless, in the instant action, plaintiff initially chose again to try to serve defendant by serving Brandstein, based on its rank speculation that Brandstein might have again become defendant's president. Plaintiff did not detail its efforts, if any, to learn the identity of defendant's current president or any other officer whom it might properly serve. While ultimately plaintiff served defendant's actual president, it did so after expiration of the 120-day period.

Plaintiff then requested an extension of time for service in opposition to defendant's motion to dismiss, instead of formally cross-moving for an extension (CPLR 306-b). We need not reach the disputed procedural issue regarding whether a formal cross motion was required because the court providently exercised its discretion in denying the request for an extension on its merits (*see Gilkes v New York Wholesale Paper Corp.*, 89 AD3d 534, 534 [1st Dept 2011]). By attempting service on Brandstein, who plaintiff should have known was not authorized to receive service, and making no effort to learn the identity of the current officers, plaintiff failed to act with reasonable diligence in trying to effect service, and thus failed to establish good cause in support of its request (*see* CPLR 306-b; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 103-104 [2001]; *see also Johnson v Concourse Vil., Inc.*, 69 AD3d 410 [1st Dept 2010], *lv denied* 15 NY3d 707 [2010]). Nor is an extension of time to serve warranted in the interest of justice, given plaintiff's failure to act with any due diligence to ensure that the instant action was not dismissed for exactly the same reason for which the prior action was dismissed. While the statute of limitations on plaintiff's claim may have expired, defendant's low-income tenants have lived through two foreclosure actions and beyond the statute of limitations with the uncertainty whether they may remain in their homes, and plaintiff waited until after expiration of the 120-day period to serve defendant or seek an extension of time (*see Leader v Maroney*, 97 NY2d at 105-106).

There is no need for a traverse hearing since the court was able to observe, at oral argument, that the description of the person served in the affidavit of service, who purportedly claimed to be Brandstein and to have authorization to accept service, did not match Brandstein's appearance.

Having properly dismissed the foreclosure action for lack of personal jurisdiction, the court also properly dismissed plaintiff's motion for an appointment of a receiver as moot.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Richter, J.P., Gische, Kapnick, Kahn and Kern, JJ.