Chen v New York Hosp. Med. Ctr. of Queens (2021 NY Slip Op 06944)





Chen v New York Hosp. Med. Ctr. of Queens


2021 NY Slip Op 06944


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Webber, J.P., Kern, González, Mendez, Shulman, JJ. 


Index No. 805057/18 Appeal No. 14639 Case No. 2020-03236 

[*1]Alex Chen as Administrator of the Estate of Chuiheng Chen, Plaintiff-Appellant,
v
New York Hospital Medical Center of Queens et al., Defendants, Deepali A. Mude, M.D., Defendant-Respondent.


Sol Kodsi, New York, for appellant.
Kutner Friedrich, LLP, New York (Charles E. Kutner of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered February 7, 2020, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Deepali A. Mude, M.D. to dismiss the medical malpractice and lack of informed consent claims as against her, unanimously affirmed, without costs.
This action arises from a medical procedure that was allegedly improperly performed on plaintiff's father on March 29, 2013. Plaintiff commenced the action in February 2018, asserting causes of action for wrongful death, medical malpractice, and lack of informed consent against several defendants, including a "John Doe" representing an anesthesiologist not yet identified. While plaintiff asserts that he did not learn of Dr. Mude's identity as the anesthesiologist until August 20, 2018, when he received the records from defendant, plaintiff did not file a supplemental summons and amended complaint substituting Dr. Mude, for the "John Doe" until September 2018. This filing was more than 120 days after the filing of the summons and complaint, and after the time to serve the "John Doe" defendant had expired (see CPLR 306-b; Louden v Rockefeller Ctr. N., 249 AD2d 25, 26[1st Dept 1998]). It was also after the two-year statute of limitations for the wrongful death claim had already expired.
In March 2019, plaintiff moved under CPLR 306-b for a 60-day extension of time to serve defendant in the interest of justice and for good cause, and Supreme Court granted the motion in May 2019. Plaintiff then served defendant in June 2019, which was within the 60-day extension but four months after the statute of limitations for the medical malpractice claim had expired. In July 2019, defendant moved to dismiss the complaint as time-barred under CPLR 3211(a)(5).
Although Supreme Court granted plaintiff's motion under CPLR 306-b for a 60-day extension of time to serve the amended complaint, the court providently exercised its discretion in granting defendant's motion to dismiss.
As the court stated, plaintiff failed to demonstrate good cause for the delay in service even though he attempted to serve defendant at her last known home address on October 9, 2018, since he did not thereafter take diligent steps to determine why defendant had not answered (see Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 743-744 [2d Dept 2018]). Rather, plaintiff waited to contact defendant's insurance carrier until after the applicable statutes of limitations had expired — a fact he failed to mention on his CPLR 306-b motion. As plaintiff failed to timely serve defendant, he could not revive the action by moving to extend his time to serve under CPLR 306-b once the statute of limitations had expired (Khedouri v Equinox, 73 AD3d 532, 533 [1st Dept 2010]).
Supreme Court also providently exercised its discretion in finding that an extension of time to serve defendant was not warranted in the interest of justice. Defendant did not receive actual [*2]notice of plaintiff's claims against her until June 2019, after the statutes of limitations for medical malpractice and lack of informed consent had expired, and more than six years after the alleged malpractice occurred (see Slate v Schiavone Constr. Co., 4 NY3d 816, 817 [2005]; Yardeni v Manhattan Eye, Ear & Throat Hosp., 9 AD3d 296, 297 [1st Dept 2004], lv denied 4 NY3d 704 [2005]). In view of plaintiff's lack of diligence and the long delay in notifying defendant of this action, both of which caused her substantial prejudice, an extension of time to serve was unwarranted and dismissal of the amended complaint against her was appropriate (see Ekbatani v Rockefeller Ctr. Props., 30 AD3d 347, 347 [1st Dept 2006]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021