Holland v Thiam (2022 NY Slip Op 00354)





Holland v Thiam


2022 NY Slip Op 00354


Decided on January 20, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 20, 2022

Before: Kapnick, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 


Index No. 154930/18, 162234/18 Appeal No. 15111-15112 Case No. 2019-1748, 2019-04221 

[*1]Tom Holland, Plaintiff-Appellant,
v
Mahmoud Thiam et al., Defendants, Quantic Limited et al., Defendants-Respondents. 


Tom Holland, appellant pro se.
Sutton Sachs Meyer PLLC, New York (Zachary G. Meyer of counsel), for appellant.
Aldous PLLC, New York (Kenneth E. Aldous of counsel), for respondents.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered February 14, 2019, which denied plaintiff's motion to vacate a prior order, same court and Justice, entered January 23, 2019, denying his motions for an extension of time to serve defendants with process and dismissing the action, unanimously affirmed, without costs. Order, same court (David B. Cohen, J.), entered on or about September 20, 2019, which denied plaintiff's motion for an extension of time to serve defendants in a later-filed action involving substantially similar claims, unanimously affirmed, without costs.
With respect to the February 14, 2019 order, plaintiff failed to establish grounds for vacatur.
In the September 2019 order, the motion court providently exercised its discretion in denying plaintiff's motion for an extension of time to serve process (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 106 [2001]). Plaintiff failed to establish "good cause" for not serving defendants, since he did not show reasonable diligence in attempting service (see CPLR 306-b; Henneberry v Borstein, 91 AD3d 493, 496 [1st Dept 2012]). In the first action dismissed on December 20, 2018, plaintiff failed to timely serve defendants and sought extensions on and after the last day of the 120-day statutory period to serve process. In the second-filed action seeking essentially the same relief, plaintiff again failed to timely serve defendants and his attempts at service occurred at the very end of the 120-day period. As in the first action, plaintiff employed a similar tactic by requesting an extension after the CPLR 306-b statutory period to serve process. Notably, plaintiff never properly served any of the defendants within 120 days of the commencement date of either action.
Given plaintiff's lack of diligence, the court properly found that the interests of justice did not warrant an extension (see Leader, 97 NY2d at 104-105; Goldstein Group Holding, Inc. v 310 E. 4th St. Hous. Dev. Fund Corp., 154 AD3d 458, 459 [1st Dept 2017]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 20, 2022