Noble Desktop NYC, LLC v American Graphics Inst., LLC (2022 NY Slip Op 01424)





Noble Desktop NYC, LLC v American Graphics Inst., LLC


2022 NY Slip Op 01424


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Kapnick, J.P., Gesmer, Oing, Singh, Scarpulla, JJ. 


Index No. 656677/20 Appeal No. 15450 Case No. 2021-03375 

[*1]Noble Desktop NYC, LLC, Plaintiff-Respondent,
v
American Graphics Institute, LLC, Defendant-Appellant, Christopher Smith, et al., Defendants.


Law Office of Ray Beckerman, P.C., Forest Hills (Ray Beckerman of counsel), and Godbout Law, PLLC, Boston, MA (John A. Mangones of the bar of the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for appellant.
Ray & Counsel, P.C., New York (John H. Ray, III of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about August 20, 2021, which denied defendant American Graphics Institute, LLC's motion to dismiss the complaint as against it for lack of personal jurisdiction, granted plaintiff's cross motion for an extension of time to serve its summons and complaint pursuant to CPLR 306-b, and deemed the complaint timely served upon defendant nunc pro tunc, unanimously modified, on the law, to delete the portion of the order deeming the complaint timely served upon defendant nunc pro tunc, and otherwise affirmed, without costs.
The court properly denied defendant's motion to dismiss the complaint and properly granted plaintiff's cross motion for an extension of time to serve the complaint (see Campbell v Starre Realty Co., 283 AD2d 161 [1st Dept 2001]). Plaintiff established good cause for late service by demonstrating that it exercised reasonably diligent efforts to timely effect proper service (id.). Moreover, no statute of limitations is implicated, and defendant, clearly on notice of this suit, failed to show that it has been prejudiced by any delay in service, which would warrant an extension of time in the interest of justice as well (see CPLR 306-b; see e.g. Henneberry v Borstein, 91 AD3d 493, 496 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022