Dixon v New York City Health & Hosps. Corp. (2023 NY Slip Op 06592)

Dixon v New York City Health & Hosps. Corp.

2023 NY Slip Op 06592

Decided on December 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 21, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 805079/21 Appeal No. 1290 Case No. 2022-05393 

[*1]Charmaine Dixon etc., Plaintiff-Appellant,
v
New York City Health and Hospitals Corporation et al., Defendants-Respondents.

Held & Hines, LLP, Brooklyn (Philip M. Hines of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.

Order, Supreme Court, New York County (Erika M. Edwards, J.), entered November 25, 2022, which denied plaintiff's motion seeking an order extending her time to serve defendant Adel Hanandeh, M.D. with the summons and complaint in this action via alternative means of service, unanimously reversed, on the law and in the exercise of discretion, without costs, and the motion granted.
Supreme Court improvidently exercised its discretion in denying plaintiff a second extension to serve Dr. Hanandeh under CPLR 306-b, as plaintiff established good cause for the late service by proffering evidence of diligent efforts to serve the doctor (see Noble Desktop NYC, LLC v American Graphics Inst., LLC, 203 AD3d 474, 474 [1st Dept 2022]). Plaintiff attempted service at an Ohio address obtained through investigation, which turned out to be the home of Dr. Hanandeh's parents and brother, and also attempted service at Dr. Hanandeh's last known New York address as provided by his former employer, defendant New York City Health and Hospitals Corporation (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]).
In addition, plaintiff established entitlement to an extension of time in the interest of justice because, in addition to showing that she made diligent efforts to obtain jurisdiction, she made a showing that Dr. Hanandeh did not incur any prejudice by the delay, and in fact has known of the suit since before plaintiff requested the second extension (see id. at 107; Noble Desktop NYC, 203 AD3d at 474).
Under the circumstances presented, plaintiff is also entitled to effectuate service by alternative means, as she made a showing that service on Dr. Hanandeh was impracticable, and that service by email was reasonably calculated to apprise him of this action (CPLR 308; see NMR e-Tailing LLC v Oak Inv. Partners, 216 AD3d 572, 572 [1st Dept 2023]; Alfred E. Mann Living Trust v ETIRC Aviation S.A.R.L., 78 AD3d 137, 141-142 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2023