Parkash 815 LLC v Alberca (2024 NY Slip Op 50824(U))

[*1]

Parkash 815 LLC v Alberca

2024 NY Slip Op 50824(U)

Decided on July 1, 2024

Supreme Court, Bronx County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 1, 2024
Supreme Court, Bronx County

Parkash 815 LLC, Plaintiff,

against
Percy Solomon Alberca, Defendant.

Index No. 804965/2022E

Ashlee Crawford, J.

Plaintiff Parkash 815 LLC moves pursuant to CPLR § 306-b for an order deeming its summons and verified complaint timely served and its affidavit of service of process on defendant timely filed, nunc pro tunc; and pursuant to CPLR § 3215 for default judgment against defendant. 
On March 31, 2022, plaintiff filed the verified complaint, which asserts a single claim for breach of a commercial lease against defendant Percy Solomon Alberca. Almost one year later, on February 21, 2023, plaintiff filed an affidavit of service showing that the summons and verified complaint were served on defendant on February 4, 2023, by leaving them with a person of suitable age and discretion, with a follow-up mailing to defendant's last known residential address. Defendant has not answered or otherwise appeared.
Late Service of the Summons and Verified Complaint
In support of its motion, plaintiff contends that it did not timely serve defendant with the summons and verified complaint, because it took time to ascertain defendant's valid address. As set forth in the affirmation of plaintiff's attorney, Pragna Parikh, Esq., plaintiff filed the summons and complaint on March 31, 2022, and, on the same day, forwarded the pleadings to a process server to serve defendant at his last known address of 1126 Pelham Parkway, S 2, Bronx, New York 10468 (NYSCEF Doc. Nos. 9, 6). On May 18, 2022, the process server returned the summons and complaint to plaintiff's counsel, indicating that defendant did not reside at the address indicated and had not been served (id.). On May 20, 2022, Ms. Parikh's law office performed a Lexis Nexis search for defendant's address. Also, on May 20, 2022, as well as November 15, 2022, and January 10, 2023, the law office sent requests to the United States Postal Service ("USPS") for defendant's current address. Ms. Parikh states that her office received a response from USPS on January 18, 2023, confirming defendant's address as 2615 Grand Concourse, Apt. 6C, Bronx, New York 10468 (NYSCEF Doc. Nos. 9, 11). Defendant was served at that address on February 4, 2023, (NYSCEF Doc. No. 9, 12), and on February 21, 2023, plaintiff mailed an additional copy of the summons and verified complaint to defendant [*2]pursuant to CPLR 3215(g)(NYSCEF Doc. No. 9, 13). 
CPLR § 306-b mandates that service of the summons and complaint be made within 120 days after an action is commenced, and that, upon motion, the time for service may be extended "upon good cause shown or in the interest of justice" (CPLR § 306-b; see Henneberry v Borstein, 91 AD3d 493, 495 [1st Dept 2012]). "A 'good cause' extension requires a showing of reasonable diligence in attempting to effect service upon a defendant" (Henneberry, 91 AD3d at 496; see Noble Desktop NYC, LLC v American Graphics, LLC, 203 AD3d 474 [1st Dept 2022]; MTGLQ Investors, L.P. v Shay, 190 AD3d 527, 528 [1st Dept 2021], lv denied 37 NY3d 908 [2021]). Here, because plaintiff did not move within the 120-day statutory service period for an extension of time to serve defendant, it is not entitled to a 'good cause' extension (see Diaz v Nasir, __ NYS3d __, 2024 WL 3187181, *1 [1st Dept, Jun. 27, 2024]; Holland v Thiam, 201 AD3d 546, 547 [1st Dept 2022], lv dismissed 37 NY3d 1228 [2022]; Zegelstein v Faust, 179 AD3d 541, 542 [1st Dept 2020], lv denied 36 NY3d 905 [2021]; Goldstein Group Holding, Inc. v 310 East 4th Street Housing Development Fund Corp., 154 AD3d 458, 459 [1st Dept 2017]). Indeed, plaintiff never moved for an extension of time to serve defendant at all, and rather served defendant with process one year after commencing this action and now requests that this Court deem service timely nunc pro tunc within the context of a motion for default.
While plaintiff is not entitled to relief under the "good cause" prong of CPLR § 306-b, the Court will consider whether to grant "interest of justice" relief in an exercise of the Court's discretion (see Henneberry at 496). "The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105 [2001]). "Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter" (id.). "However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (id. at 105-06). "The statute empowers a court faced with the dismissal of a viable claim to consider any factor relevant to the exercise of its discretion," with no one factor being determinative (id. at 106).
Here, given plaintiff's lack of diligence in never seeking an extension of time to serve defendant, and rather waiting until almost twenty (20) months after the expiration of the 120-day service period to seek an order deeming service timely after-the-fact, an interest of justice extension is not warranted (Holland v Thiam, 201 AD3d at 547; cf. Gjurashaj v ABM Industry Groups, LLC, 213 AD3d 479, 480 [1st Dept 2023][plaintiff's prompt request for an extension]). Moreover, it appears that the six-year statute of limitation has not run on plaintiff's breach of contract cause of action, which, as alleged, accrued on January 21, 2022 (NYSCEF Doc. No. 1; CPLR § 213[2]). As such, plaintiff may still pursue its claim in a newly-filed action.
For the foregoing reasons, it is
ORDERED that that part of plaintiff's motion seeking an order pursuant to CPLR § 306-b deeming its summons and verified complaint timely served nunc pro tunc is DENIED; and it is further
ORDERED that the remainder of plaintiff's motion, which seeks an order pursuant to CPLR § 306-b deeming its affidavit of service timely filed nunc pro tunc, and pursuant to CPLR § 3215 for default judgment against defendant, is DENIED as moot; and it is further
ORDERED that this action is DISMISSED without prejudice.
ENTER:
HON. ASHLEE CRAWFORD, A.J.S.C.
Bronx, New York
Dated: July 1, 2024