| |
|---|
| **Ward v 388 Broadway Owners, LLC** |
| 2025 NY Slip Op 32264(U) |
| June 24, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 656747/2021 |
| Judge: Ashlee Crawford |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ASHLEE CRAWFORD**
*Justice*

PART **38**

-----------------------------------------------------------------X

ELISE WARD,

Plaintiff,

- v -

388 BROADWAY OWNERS, LLC, BARRY LEON, JESSE LEON,

Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656747/2021 |
| MOTION DATE | 05/10/2022 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 41, 42

were read on this motion to/for _____DISMISSAL_____ .

Upon the foregoing documents, it is

Defendant Jesse Leon ("Leon") moves *pro se* to dismiss plaintiff's complaint pursuant to CPLR 3211(e) and 306-b, for failure to serve the summons and complaint within 120 days; and pursuant to CPLR 3211(a)(8) and 302, for lack of personal jurisdiction. Plaintiff Elise Ward opposes and cross-moves to extend her time to serve Leon, arguing that he purposefully evaded service of process.[1] Non-moving defendants 388 Broadway Owners LLC ("388 Broadway") and Barry Leon have each appeared and answered the complaint.

As alleged, plaintiff is a former rent stabilized tenant of Unit 3F in the building located at 388 Broadway, New York, New York (Complaint ¶ 4). Plaintiff and defendant 388 Broadway agreed in writing that plaintiff would vacate and surrender her rights to the subject apartment in

---

[1] The instant motion, which was fully submitted on May 10, 2022, was assigned to the undersigned on February 3, 2025. On February 14, 2025, the Court inquired whether this action was still active, and whether the parties were expecting a decision on the motion (NYSCEF Doc. 39). Defendant Jesse Leon thereafter filed, without leave of Court, a memorandum of law in reply to plaintiff's cross-motion (NYSCEF Doc. 41), about three years after the motion was fully submitted. The Court declines to consider the late filing.

exchange for installment payments totaling $600,000 (id. ¶¶ 6-8), with the Leon defendants providing unconditional personal guarantees of a related promissory note (id. ¶ 14). Plaintiff alleges that she fully performed by vacating and surrendering her rights to the apartment in 2018, but 388 Broadway has failed to make the agreed-to installment payments since March 2020 (first cause of action – breach of contract), and the Leon defendants have breached their unconditional guarantees of the promissory note (second cause of action – enforcement of guaranty) (id. ¶¶ 20-26).

### Motion to Extend Time to Serve Process

Plaintiff commenced this action by filing a summons and complaint on November 30, 2021. Plaintiff's process server attempted service on Jesse Leon four times – twice on December 16, 2021, and once each on December 17, 2021, and February 11, 2022 – before successfully serving him by substituted service on April 7, 2022, 128 days after suit was filed (NYSCEF Docs. 22, 37).

CPLR § 306-b mandates that service of the summons and complaint be made within 120 days after an action is commenced, and that, upon motion, the time for service may be extended "upon good cause shown or in the interest of justice" (CPLR § 306-b; see Henneberry v Borstein, 91 AD3d 493, 495 [1st Dept 2012]). "A 'good cause' extension requires a showing of reasonable diligence in attempting to effect service upon a defendant" (Henneberry, 91 AD3d at 496; see Noble Desktop NYC, LLC v American Graphics, LLC, 203 AD3d 474 [1st Dept 2022]; MTGLQ Investors, L.P. v Shay, 190 AD3d 527, 528 [1st Dept 2021], lv denied 37 NY3d 908 [2021]). Plaintiff has established her entitlement to a "good cause" extension of the service deadline. Plaintiff's process server submitted an affidavit demonstrating their diligent efforts to effect service upon Leon (Noble, 203 AD3d 474; NYSCEF Doc. No. 22). Moreover, defendant

[* 2]

failed to show that he has been prejudiced by the eight-day delay in service (see Henneberry, supra at 496-497).

Additionally, balancing the parties' competing interests (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-06 [2001]), including plaintiff's potentially meritorious claims and the short delay in service (Williams ex rel. Fowler v Nassau County Medical Center, 6 NY3d 531, 539, fn 3 [2006]; see Gjurashaj v ABM Industry Groups, LLC, 213 AD3d 479, 480 [1st Dept 2023]; Webb v Greater New York Auto. Dealers Ass'n, Inc., 93 AD3d 561, 562 [1st Dept 2012]), as well as the lack of prejudice to Leon (Ardel Construction & Design Group, Inc. v VBG 990 AOA, LLC, 223 AD3d 451, 451-52 [1st Dept 2024]; Dixon v New York City Health and Hospitals Corp., 222 AD3d at 554), and our strong interest in deciding cases on the merits (Henneberry, supra at 497), plaintiff is also entitled to an "interests of justice" extension. The Court accordingly grants plaintiff an extension of time to serve Leon *nunc pro tunc*, for good cause and in the interests of justice, and deems Leon properly served; and denies as moot that part of Leon's motion to dismiss based on failure to timely serve.

Motion to Dismiss for Lack of Personal Jurisdiction

Leon denies the Court's personal jurisdiction over him due to his residence in New Jersey and lack of business contacts with New York (Aff. in Support ¶¶ 8-9, 17-26). However, the promissory note, which Leon does not dispute and which he personally guaranteed, contains a forum selection clause for Supreme Court, New York County (NYSCEF Doc. 26). It is settled that such a forum selection clause affords a sound basis for the exercise of personal jurisdiction over a foreign defendant (Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v Williams, 223 AD2d 395, 398 [1st Dept 1996]); see Universal Inv. Advisory SA v Bakrie Telecom Pte., Ltd., 154 AD3d 171, 179 [1st Dept 2017]). Therefore, Leon's jurisdictional arguments are without merit.

Accordingly, it is

**ORDERED** that the motion by defendant Jesse Leon to dismiss the complaint is DENIED; and it is further

**ORDERED** that the cross-motion by plaintiff Elise Ward to extend her time to serve the summons and complaint on defendant Jesse Leon is GRANTED, for good cause and in the interests of justice, and plaintiff's service of the summons and complaint on defendant Jesse Leon is deemed timely, *nunc pro tunc*; and it is further

**ORDERED** that plaintiff shall serve a copy of this order with notice of entry upon all parties within 20 days of entry; and it is further

**ORDERED** that defendant Jesse Leon shall file and serve an answer within 20 days of service upon him of a copy of this order with notice of entry; and it is further

**ORDERED** that the parties shall appear for a preliminary conference on September 10, 2025, at 10:00 AM, in room 1166 at 111 Centre Street, New York, New York.

This constitutes the decision and order of the Court.

| 6/24/2025 | | | | |
|-----------|--|--|--|--|
| DATE | | | ASHLEE CRAWFORD, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|------------|--|---------------|--|---|------------------------|--|--|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |