**State Farm Indem. Co. v Adult Health NP NYC P.C.**

2026 NY Slip Op 30631(U)

February 18, 2026

Supreme Court, New York County

Docket Number: Index No. 159154/2024

Judge: Kathleen Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: <u>HON. KATHLEEN WATERMAN-MARSHALL</u> | PART 31 |
| *Justice* | |

-------------------------------------------------------------------------------X

STATE FARM INDEMNITY COMPANY,

                Plaintiff,

            - v -

ADULT HEALTH NP NYC P.C.,ADVANCED LIFE
SERVICES INC.,ANDREW ADLERSTEIN DC, ANJANI
SINHA MEDICAL P.C.,AV CHEMISTS LLC,ATLANTIC
MEDICAL & DIAGNOSTICS P.C.,BRIGHTON REHAB PT,
CENTURION MIDTOWN ANESTHESIA PLLC,CLINTON
MEDICAL OFFICE P.C.,CORONA CHIROPRACTIC
HEALTH SERVICES P.C.,CORONA PHARMACY RX
INC.,DIAGNOSTIC ASSESMENT CHIROPRACTIC P.C.,DK
PAIN MEDICINE P.C.,EDX MEDICAL SUPPLY, INC.,ETMC
PHARMACY INC.,EZ TRIBORO SERVICES
INC.,FRANKLIN SQUARE SERVICES INC.,GRAND
AVENUE SERVICES INC.,HOME PHYSICIAN ASSISTANT
SERVICES P.C.,HYGGE MEDICAL SUPPLIES CORP.,
MANALAPAN SURGERY CENTER INC.,MEDEX
DIAGNOSTIC AND TREATMENT CENTER LLC,MEDICAL
MRI P.C.,MICHAEL YURYEV DO, NY MED ORTHO
INC.,OPAM OSAFRADU MD, PRECISION ANESTHESIA
ASSOCIATES OF NEW JERSEY LLC,QUALITY SERVICE
LAB INC.,SOUTH SHORE OSTEOPATHIC MEDICINE
P.C.,THERAPY ZONE RENTALS INC.,UPTOWN
HEALTHCARE MANAGEMENT INC. D/B/A AMBULATORY
SURGERY CENTER OF EAST TREMONT MEDICAL
CENTER, YUNGI MED SUPPLY CORP., ZATOR MEDICAL
SUPPLIES CORP., RAFAEL ALMANZAR-MARTINEZ,
FELICIANO RODRIGUEZ

            Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159154/2024 |
| MOTION DATE | 05/22/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96

were read on this motion to/for         <u>       JUDGMENT - DEFAULT       </u>.

      Upon the foregoing documents, plaintiff's motion for entry of a judgment is granted in part.

**Background**

      This action arises out of claims for reimbursement of medical treatment under no-fault benefits relating to an alleged motor vehicle accident that occurred on October 5, 2023, involving defendants Rafael Almanzar-Martinez ("Martinez") and Feliciano Rodriguez ("Rodriguez"). In this action, plaintiff seeks a declaratory judgment that it is not required to pay Martinez's or Rodriguez's medical expenses

**159154/2024   STATE FARM INDEMNITY COMPANY vs. ADULT HEALTH NP NYC P.C. ET AL**       **Page 1 of 5**
**Motion No.  001**

1 of 5

[* 1]

because Martinez made a material misrepresentation when he procured the policy regarding his primary residence and the primary garage location of the insured vehicle, and an investigation uncovered that the alleged injuries did not arise from an insured accident.

Plaintiff now moves for a default judgment, pursuant to CPLR § 3215, as against defendants Advanced Life Services Inc., Anjani Sinha Medical P.C., AV Chemists LLC, Atlantic Medical & Diagnostics P.C., Centurion Midtown Anesthesia PLLC, Clinton Medical Office P.C., Corona Pharmacy Rx Inc., Dk Pain Medicine P.C., Edx Medical Supply, Inc., Etmc Pharmacy Inc., Ez Triboro Services Inc., Franklin Square Services Inc., Grand Avenue Services Inc., Medex Diagnostic and Treatment Center LLC, Medical MRI P.C., NY Med Ortho Inc., Precision Anesthesia Associates Of New Jersey LLC, Quality Service Lab Inc., Therapy Zone Rentals Inc., Uptown Healthcare Management Inc. d/b/a Ambulatory Surgery Center of East Tremont Medical Center, Yungi Med Supply Corp., Zator Medical Supplies Corp., and Rodriguez (collectively, the "Defaulting Defendants"), and Adult Health NP NYC P.C. Plaintiff also seeks an order, pursuant to CPLR §306-b, granting plaintiff an extension of time to serve Martinez and Andrew Adlerstein DC.

After plaintiff filed the instant motion, plaintiff discontinued this action as against defendant Adult Health NP NYC P.C. (NYSCEF Doc. No. 82).

Defendant Clinton Medical Office P.C. filed a late answer to the complaint (NYSCEF Doc. No. 83), and subsequently filed its opposition. In opposition, Clinton Medical Office P.C. argues that the motion should be denied because it was served via the Secretary of State and, as such, should be permitted to defend itself in this action, pursuant to CPLR § 317, as it did not personally receive notice of the summons in time to file a timely answer. Clinton Medical Office P.C. also contends that it has a reasonable excuse in that its delay was "short" and plaintiff cannot claim prejudice as a result thereof. Additionally, Clinton Medical Office P.C. cross-moves for an order, pursuant to CPLR § 3012(d), compelling the acceptance of a its untimely answer.

Yungi Med Supply Corp. also opposes the motion and cross-moves for an order, pursuant to CPLR§ 3012(d) and/or § 2004, granting it an extension of time to answer the complaint. In opposition, counsel for Yungi Med Supply Corp. asserts, *inter alia*, that the Court should excuse Yungi Med Supply Corp.'s delay because the firm filed a timely answer in this action on behalf of defendants Home Physician Assistant Services P.C., Hygge Medical Supplies Corp., and Manalapan Surgery Center Inc. before Yungi Med Supply Corp. became a client.

**Discussion**

CPLR § 3215(a) provides that a plaintiff may obtain a default judgment when a defendant has failed to appear or plead. The plaintiff must provide proof of service of the summons and complaint, proof of the underlying facts constituting the claim, and proof of default (CPLR § 3215[f]; *see also Bigio v Gooding,* 213 AD3d 480 [1st Dept 2023] [to demonstrate facts constituting a claim, "movant need only proffer proof sufficient" to enable court to determine existence of "a viable cause of action"]; *Bank of New York Mellon v Roten*, 181 AD3d 549, 550 [2d Dept 2020]). Where a default judgment is sought against a corporate-defendant served with the summons and complaint via the Secretary of State, the plaintiff must also demonstrate service on the corporate-defendant via mail "at its last known address at least twenty days before the entry of judgment" pursuant to CPLR § 3215(g)(4).

"CPLR 3012(d) provides that a court has the discretionary power to extend the time to plead, or to compel acceptance of an untimely pleading 'upon such terms as may be just,' provided that there is a showing of a reasonable excuse for the delay (*U.S. Bank N.A. v Barker Project LLC*, 220 AD3d 588, 588-89 [1st Dept 2023]). The court must consider "the length of the delay, the excuse offered, the extent to

159154/2024   STATE FARM INDEMNITY COMPANY vs. ADULT HEALTH NP NYC P.C. ET AL        Page 2 of 5
Motion No.  001

2 of 5

[* 2]

which the delay was willful, the possibility of prejudice to adverse parties, and the potential merits of any defense" (*Emigrant Bank v Rosabianca*, 156 AD3d 468, 472-73 [1st Dept 2017]).

Clinton Medical Office P.C. claims that it did not receive notice in time to answer the complaint. "CPLR 317 permits a defendant who has been served with a summons other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense"; however, Clinton Medical Office P.C., through its counsel, merely denies receipt of the summons and complaint which is insufficient (*Stevens v Stepanski*, 164 AD3d 935, 937 [2d Dept 2018] ["mere denial of receipt of the summons and complaint is not sufficient to establish lack of actual notice of the action in time to defend for the purpose of CPLR 317"] [internal citations omitted]). Accordingly, Clinton Medical Office P.C. failed to establish that it did not have actual notice of the action in time to defend. Further, service of process upon a corporation is complete once plaintiff serves the Secretary of State "irrespective of whether the process subsequently reache[d] the corporate defendant" (*Fisher v Lewis Constr. NYC Inc.*, 179 AD3d 407, 408 [1st Dept 2020] [internal citations omitted]). Accordingly, service upon Clinton Medical Office P.C. was complete on October 25, 2024 (NYSCEF Doc. No. 64), and Clinton Medical Office P.C. has failed to provide a reasonable excuse for its default (*Bank of New York Mellon v Genova*, 159 AD3d 1009, 1010 [2d Dept 2018] ["bare and unsubstantiated denial of service of the summons and complaint did not constitute a reasonable excuse for his default in answering, since it lacked the factual specificity and detail required to rebut the prima facie evidence of proper service set forth in the affidavit of the plaintiff's process server"]).

Yungi Med Supply Corp. contends that it was not represented by counsel until after its time to appear in this action expired; however, such a contention does not constitute a reasonable excuse (*id.* at 1011 ["fact that he was not represented by counsel until he moved to vacate his default did not constitute a reasonable excuse"]).

Clinton Medical Office P.C.'s and Yungi Med Supply Corp.'s failure to provide a reasonable excuse for their delay in appearing in this action allows this Court to exercise its discretion to presume their tardiness was willful and, thus, need not be accepted (*Whittemore v Yeo*, 99 AD3d 496, 496-97 [1st Dept 2012] ["…a defendant opposing entry of a default judgment must demonstrate both a reasonable excuse and meritorious defenses…"]; *Nico v Olajitan*, 229 AD3d 561, 562-63 [2d Dept 2024] [default judgment was proper because defendants did not demonstrate a reasonable excuse] [internal citations omitted]). Since Clinton Medical Office P.C. and Yungi Med Supply Corp. did not demonstrate a reasonable excuse for their failure to answer the complaint, the Court "need not consider whether they demonstrated the existence of a potentially meritorious defense to the action or a potentially meritorious opposition to the motion" (*Nico*, 229 AD3d at 562-63).

Plaintiff has demonstrated its entitlement to entry of a default judgment against the Defaulting Defendants by submitting proof of service of the summons and complaint (NYSCEF Doc. No. 64); proof of service of additional notice of this action pursuant to CPLR § 3215(g)(4) (NYSCEF Doc. No. 75); proof of the facts constituting its claims (NYSCEF Doc. Nos. 62 and 63); and an attorney affirmation (NYSCEF Doc. No. 60) (CPLR § 3215[f]; *see generally Bigio*, 213 AD3d at 481). Further, by failing to timely appear in this action, the Defaulting Defendants are "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). Consequently, plaintiff is entitled to a default judgment against the Defaulting Defendants.

CPLR § 306-b authorizes extensions of the time to effectuate service "upon good cause shown" or "in the interest of justice" (*Henneberry v Borstein*, 91 AD3d 493 [1st Dept 2012]). These are separate standards, with distinct criteria considered for each (*Leader v Maroney*, Ponzini & Spencer, 97 NY2d 95

**159154/2024   STATE FARM INDEMNITY COMPANY vs. ADULT HEALTH NP NYC P.C. ET AL**           **Page 3 of 5**
     **Motion No.  001**

3 of 5

[* 3]

[2001]). "Good cause" to extend service deadlines exists where movant has made a showing of reasonable efforts to effectuate service, yet has been unable to effectuate timely service due to circumstances beyond their control (*id*.; *see also Bumpus v New York City Tr. Auth.*, 66 AD3d 26 [2d Dept 2009]). Where a movant has failed to establish good cause, extension may nevertheless be proper in the "interest of justice" (*Henneberry*, 91 AD3d at 496). The Court "may consider [movant's] diligence, or lack thereof, along with any other relevant factor … , including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a [movant's] request for the extension of time, and prejudice to defendant" (*Leader*, 97 NY2d at 105-06).

Plaintiff moves for an extension of time to personally serve defendants Martinez and Andrew Adlerstein DC because its attempts to serve such defendants via a regular and duly licensed process service were unsuccessful as the process service was unable to locate the defendants (NYSCEF Doc. No. 76). It does not appear that the statute of limitations has expired, and denial of this motion may result in a new identical action being filed – wasting judicial and party resources. Under these circumstances, an extension of the time to serve Martinez and Andrew Adlerstein DC is warranted in the interest of justice.

Accordingly, it is hereby

**ORDERED, DECLARED and ADJUDGED** that plaintiff's motion for a default judgment is granted as against defendants Advanced Life Services Inc., Anjani Sinha Medical P.C., AV Chemists LLC, Atlantic Medical & Diagnostics P.C., Centurion Midtown Anesthesia PLLC, Clinton Medical Office P.C., Corona Pharmacy Rx Inc., Dk Pain Medicine P.C., Edx Medical Supply, Inc., Etmc Pharmacy Inc., Ez Triboro Services Inc., Franklin Square Services Inc., Grand Avenue Services Inc., Medex Diagnostic and Treatment Center LLC, Medical MRI P.C., NY Med Ortho Inc., Precision Anesthesia Associates Of New Jersey LLC, Quality Service Lab Inc., Therapy Zone Rentals Inc., Uptown Healthcare Management Inc. d/b/a Ambulatory Surgery Center of East Tremont Medical Center, Yungi Med Supply Corp., Zator Medical Supplies Corp., and Feliciano Rodriguez, and denied as academic as against defendant Adult Health NP NYC P.C. in light of the parties' stipulation (NYSCEF Doc. No. 82); and it is further

**ORDERED** that the County Clerk is hereby directed to enter judgment in favor of plaintiff State Farm Indemnity Company and against defendants Advanced Life Services Inc., Anjani Sinha Medical P.C., AV Chemists LLC, Atlantic Medical & Diagnostics P.C., Centurion Midtown Anesthesia PLLC, Clinton Medical Office P.C., Corona Pharmacy Rx Inc., Dk Pain Medicine P.C., Edx Medical Supply, Inc., Etmc Pharmacy Inc., Ez Triboro Services Inc., Franklin Square Services Inc., Grand Avenue Services Inc., Medex Diagnostic and Treatment Center LLC, Medical MRI P.C., NY Med Ortho Inc., Precision Anesthesia Associates Of New Jersey LLC, Quality Service Lab Inc., Therapy Zone Rentals Inc., Uptown Healthcare Management Inc. d/b/a Ambulatory Surgery Center of East Tremont Medical Center, Yungi Med Supply Corp., Zator Medical Supplies Corp., and Feliciano Rodriguez; and it is further

**ORDERED** that plaintiff State Farm Indemnity Company has established that (1) the loss did not occur as alleged; and (2) the injuries of Rafael Almanzar-Martinez and Feliciano Rodriguez did not arise from an insured incident, with respect to the October 5, 2023 collision; and it is further

**ORDERED** that plaintiff State Farm Indemnity Company owes no duty to afford, pay or cover any no-fault claims of defendants Advanced Life Services Inc., Anjani Sinha Medical P.C., AV Chemists LLC, Atlantic Medical & Diagnostics P.C., Centurion Midtown Anesthesia PLLC, Clinton Medical Office P.C., Corona Pharmacy Rx Inc., Dk Pain Medicine P.C., Edx Medical Supply, Inc., Etmc Pharmacy Inc., Ez Triboro Services Inc., Franklin Square Services Inc., Grand Avenue Services Inc., Medex Diagnostic and Treatment Center LLC, Medical MRI P.C., NY Med Ortho Inc., Precision

Anesthesia Associates Of New Jersey LLC, Quality Service Lab Inc., Therapy Zone Rentals Inc., Uptown Healthcare Management Inc. d/b/a Ambulatory Surgery Center of East Tremont Medical Center, Yungi Med Supply Corp., Zator Medical Supplies Corp., and Feliciano Rodriguez with respect to the alleged collision that occurred on October 5, 2023, referenced by claim number 30-57J3-73X; and it is further

ORDERED that all no-fault lawsuits, arbitrations, awards, judgments, and claims filed by defendants Advanced Life Services Inc., Anjani Sinha Medical P.C., AV Chemists LLC, Atlantic Medical & Diagnostics P.C., Centurion Midtown Anesthesia PLLC, Clinton Medical Office P.C., Corona Pharmacy Rx Inc., Dk Pain Medicine P.C., Edx Medical Supply, Inc., Etmc Pharmacy Inc., Ez Triboro Services Inc., Franklin Square Services Inc., Grand Avenue Services Inc., Medex Diagnostic and Treatment Center LLC, Medical MRI P.C., NY Med Ortho Inc., Precision Anesthesia Associates Of New Jersey LLC, Quality Service Lab Inc., Therapy Zone Rentals Inc., Uptown Healthcare Management Inc. d/b/a Ambulatory Surgery Center of East Tremont Medical Center, Yungi Med Supply Corp., Zator Medical Supplies Corp., and Feliciano Rodriguez arising from the October 5, 2023 loss, referenced in the complaint, and referenced by claim number 30-57J3-73X, are hereby ordered to be dismissed or stayed; and it is further

ORDERED that plaintiff's motion seeking an extension of time to serve Andrew Adlerstein D.C. and Rafael Almanzar Martinez is granted, and plaintiffs shall complete such service within 120 days of the date of this order; and it is further

ORDERED that judgment shall be submitted to the Clerk of the Court, and not chambers or the Part, unless directed otherwise by the Clerk of the Court.

| 2/18/2026 | | KATHLEEN WATERMAN-MARSHALL, J.S.C. |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

159154/2024   STATE FARM INDEMNITY COMPANY vs. ADULT HEALTH NP NYC P.C. ET AL         Page 5 of 5
Motion No.  001

5 of 5